**In re SAINT PETER'S SCHOOL,**
**Debtor.**

**Bankruptcy No. 81 B 20569.**

United States Bankruptcy Court,
S.D. New York.

Jan. 26, 1983.

White & Case, New York City, for debtor; Haliburton Fales, III, of counsel.

Anthony R. Wannick, N.Y. Dept. of Law, Senior Atty., New York City, for Commissioner of Labor.

MEMORANDUM DECISION ON APPLICATION OF NEW YORK COMMISSIONER OF LABOR TO ENFORCE HIS LIENS.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

A foreclosure sale followed the lifting of the automatic stay imposed under Code § 362 pursuant to a complaint for relief filed by Lincoln First Bank, N.A. See *In re Saint Peter's School,* 16 B.R. 404 (Bkrtcy.S. D.N.Y.1982). The foreclosure sale held by Lincoln was surprisingly successful, resulting in a realization of approximately $1,300,000, which exceeded Lincoln's first mortgage of nearly $700,000, which was satisfied. The surplus proceeds were deposited with the then trustee who had been appointed pursuant to Code § 1104.

Thereafter, a junior mortgagee, Lymington Properties, Inc., requested that its secured claim of approximately $406,746.43 be satisfied out of the surplus. Neither the trustee nor the debtor objected to the payment to Lymington, although the New York State Commissioner of Labor, a lien creditor for claimed unpaid state unemployment taxes, objected to the form of the proposed order submitted by Lymington because the funds were held by the trustee in a certificate of deposit and a prepayment penalty would be incurred if the certificate were cashed prematurely. The Commissioner contended that this prepayment penalty should be borne by Lymington and not by the estate. This objection was resolved without penalty to the estate. Lymington then submitted an order on notice to the interested parties that was signed by this court on September 30, 1982 directing payment of Lymington's claim under its junior mortgages. The order further directed all other creditors to apply to this court if they wished to obtain authorization for any payments to them from the balance of funds held by the trustee. The debtor specifically asked that any action with respect to the Commissioner of Labor's claim be held in abeyance.

Thereafter, upon motion made by the debtor in accordance with Code § 1105, an order was entered dated October 12, 1982, removing the trustee and directing that the assets held by him be returned to the debtor as a debtor in possession pursuant to Code § 1108.

The New York State Commissioner of Labor then filed with this court an order to show cause which sought an order directing payment of the unemployment insurance contributions asserted under the Commissioner of Labor's lien claims. The Commissioner seeks this payment from the funds now held by the debtor.

The debtor disputes the Commissioner's entitlement to these funds and argues in any event that the Commissioner is adequately protected by the 18 acres of land that were not subject to the foreclosure sale, which the debtor asserts may soon be sold at a price estimated in the range of $800,000, whereas the Commissioner's lien claims total in excess of $118,500. The debtor also proposes to grant an additional lien to the Commissioner embracing any recovery the debtor might obtain in its law suit against the City of New York to recover $475,000 for an alleged breach of contract in terminating the relationship with the debtor and the City's support for the debtor's facilities. The debtor contends that its claim against New York City for $475,000 includes the unemployment insurance costs which form the basis of the Commissioner's claims.

The debtor also objects to the Commissioner's application because the statutory prerequisites for relief from the automatic stay must first be satisfied before the Commissioner may seek the relief requested. The debtor notes that the Commissioner's application stands in sharp contrast to Lincoln's application for relief from the automatic stay, which focused on the standards imposed under Code § 362 for relief from the stay. Moreover, the debtor argues that the dissipation of the remaining proceeds of the foreclosure sale would remove the source of funding for the debtor's prosecution of its adversary proceeding against the City of New York and would jeopardize the disposition of the remaining 18 acres of the

debtor's realty, because counsel fees and other fees will be incurred in that regard. Hence, the debtor asserts that the continuance of the automatic stay would make possible an effective reorganization which would redound to the benefit of the Commissioner and all other creditors.

The Commissioner contends that the funds held by the debtor should be distributed as if they were funds in a surplus money proceeding because the lifting of the stay, followed by the sale in foreclosure, fixed the rights of all lienholders. The Commissioner further asserts that the debtor has not shown conclusively that there is adequate protection for its liens by reason of the 18 acres that are still owned by the debtor. Moreover, the Commissioner argues that a decision short of complete victory for the debtor in its adversary proceeding against the City of New York will mean that there will be insufficient funds to pay the Commissioner's lien claims. Hence, the Commissioner objects to the use of the funds held by the debtor to pay counsel fees and expenses of a questionable law suit against the City of New York.

## DISCUSSION

Both sides are partly right, and therefore partly wrong. The lifting of the automatic stay imposed under Code § 362 was expressly for the benefit of Lincoln First Bank, N.A. and no others. The court's order dated September 30, 1982 specifically directed that any other creditors who sought payment from the funds remaining after satisfaction of Lincoln's claim under the first mortgage should apply to the court for similar relief. Bankruptcy Rule 701(6) directs that any proceeding to obtain relief from a stay must be sought by the commencement of an adversary proceeding, which entails the filing of a complaint with the court pursuant to Rule 703. It is noted, however, that Rule 4001(a) of the Proposed New Bankruptcy Rules, prepared by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, would transform what was an adversary proceeding for relief from the automatic stay to a contested proceeding where a motion, rather than a complaint, would be the appropriate vehicle. In order not to elevate form over substance, the Commissioner of Labor's order to show cause and supporting papers will be treated as properly presenting to this court a request for relief from the automatic stay within the meaning of Code § 362(d).

However, the evidentiary dispute cannot be resolved on the basis of affidavits. To be sure, the remaining 18 acres owned by the debtor are now enhanced in value, since all of the mortgage liens filed in this case have been satisfied, with the result that the Commissioner's lien claims have moved up the ladder and occupy the senior lien status. The debtor must establish the present value of this property. Moreover, the additional lien offered to the Commissioner with respect to the debtor's law suit against the City of New York might constitute adequate protection within the meaning of Code § 361(2) if a meaningful value could be attributable to this claimed asset. As in the case of the 18 acres, the debtor must establish this evidentiary prerequisite.

Although the Commissioner may not compel the debtor to satisfy his lien claims without first offering the debtor the opportunity to resist the Commissioner's request for relief from the automatic stay at a hearing with respect to this issue, it also follows that the debtor may not dip into the funds in its possession without satisfying Code § 363(c)(2), which prohibits a debtor from using cash collateral without a lienor's consent unless, after notice and a hearing, the court authorizes such use. Pursuant to Code § 363(e), the debtor has the burden of proof on the issue of adequate protection.

Accordingly, an evidentiary hearing is required in order to resolve the issues raised by the parties involved.

## CONCLUSIONS OF LAW

1. The Commissioner of Labor may not require the debtor to pay his lien claims for unemployment insurance due from the debtor until relief from the automatic stay is ordered pursuant to Code § 362(d).

2. The debtor may not use the cash collateral in its possession without first satisfying its burden of proof under Code § 363(e) on the issue of adequate protection and obtaining authorization for such use pursuant to Code § 363(c)(2).

3. The Commissioner's order to show cause seeking payment of his lien claims shall be treated as a request for relief from the stay within the meaning of Code § 362(d). The issues raised by the parties shall be supported by evidence submitted at a hearing to be held in this court on February 7th, 1983 at 2:00 P.M.