In the Matter of Skeeter Dale
BENEDICT, Debtor.

The MORRIS PLAN COMPANY OF
IOWA, Plaintiff,

v.

Skeeter Dale BENEDICT, Defendant.

Bankruptcy No. 80–01349–3.
Adv. No. 80–0290–3.

United States Bankruptcy Court,
W. D. Missouri W. D.

Oct. 20, 1981.

---

See also, Bkrtcy., 15 B.R. 671.

J. Michael Murphy, Liberty, Mo., for plaintiff.

F. A. White, Jr., Kansas City, Mo., for defendant.

## ORDER AWARDING ATTORNEY'S FEES TO THE PLAINTIFF IN THE SUM OF $895.00 FROM THE DEFENDANT SKEETER DALE BENEDICT

DENNIS J. STEWART, Bankruptcy Judge.

On March 30, 1981, this court entered its final decree and judgment in this action declaring the defendants Skeeter Dale Benedict's indebtedness to the plaintiff in the sum of $3,3154.13 plus interest to be nondischargeable in bankruptcy.[1] Counsel for the plaintiff now seeks an award of attorney's fees for the reasonable value of the services performed by him which were necessitated by what he contends to be the "bad faith" of the defendant Skeeter Dale Benedict in defending the action.

■ Under the provisions of § 1471, Title 28, United States Code, the court of bankruptcy now has the same general jurisdiction to award attorney's fees in adversary actions in bankruptcy as any other court of general and plenary jurisdiction.[2] Whether a court has power and authority to award attorney's fees in a particular action, however, ordinarily depends upon whether there is express contractual or statutory provision for such an award.[3] In this action, there is no express contractual or statutory provision under which the applicant counsel could claim an award of attorney's fees.

1. In that judgment, the court did not unconditionally grant judgment in this sum. Rather, to grant the debtor Skeeter Dale Benedict every opportunity possible to clear the cloud on the certificate of title to a 1975 Cadillac and thereby return it free of liens to plaintiff, the court ruled that the plaintiff have and recover from defendant Skeeter Dale Benedict "the value of the . . . 1975 Cadillac" but also provided that: "For a period of 25 days from and after March 30, 1981, this judgment is satisfiable by turnover of the 1975 Cadillac to the plaintiff, free of the lien of Steve Rice. Thereafter, the judgment is satisfiable by payment of the sum of $3,354.13 plus interest thereon from and after November 29, 1979, at the rate of 7% per annum plus a delinquency charge of $6.96 and the reasonable costs of this action."

2. Those provisions have been described as granting such general and plenary jurisdiction to courts of bankruptcy.

3. See, e.g., *Alyeska Pipeline Service v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

Under the equitable principles embodied in the so-called "American rule," however, counsel relies upon authority to the effect that attorney's fees which a party is required to incur by an adversary's bad faith or fraudulent prosecution or assertion of a claim or defense are properly awardable.[4] The doctrine calls upon the discretionary power of the court[5] and, viewed appropriately, requires the court to find that the attorney's services for which reasonable compensation is sought were due to the fraud or bad faith which has characterized, or occurred in the course of, the prosecution or defense of the claim.

In the action in which counsel for plaintiff seeks an award of attorney's fees, the court entered a final judgment on October 20, 1980, after a full trial of the merits, decreeing the indebtedness of the defendant Skeeter Dale Benedict to plaintiff to be dischargeable in bankruptcy. In that judgment, the court found that the defendant Victoria Benedict committed no fraudulent act; that the "only conceivable fraudulent act or misrepresentation on the part of either of the Benedicts is Mr. Benedict's standing by silently while Mr. Rice represented [to plaintiff's representative] that the down payment had in fact been made"; that the fraud or misrepresentation was not material because, according to the uncontradicted evidence taken in the plenary trial, the defendant actually made the $500 down payment, albeit it after he had permitted Mr. Rice to misinform plaintiff's officer that it had already been made; and that, therefore, the complaint for a decree of nondischargeability must be denied, as must the plaintiff's claim for an award of attorney's fees.

Within the time allotted for postjudgment motions, plaintiff's counsel requested alternative or amendment of the judgment, alleging that the court's crucial finding was erroneous and that defendant's testimony to this effect had been false.

Subsequently, a hearing was held on those allegations, after the court had granted the defendant Skeeter Dale Benedict a number of opportunities to have the allegedly paid off lien expunged on the certificate of title. This culminated in a modified final judgment entered on March 30, 1981, decreeing the debt of Skeeter Dale Benedict to be nondischargeable in bankruptcy. In that judgment, the court noted that "defendants' counsel admitted in the course of the hearing that the defendants had not yet been able to submit satisfactory evidence of payment of the $500 underlying Rice's lien to cause the State of Iowa to expunge that lien. Nearly two months had been granted the defendants for the accomplishment of this task and two separate deadlines have been established by the court during that two-month period, neither of which has been met. The defendants contend that the expunction of this lien is still a reasonable prospect within a reasonable period of time and that it can be accomplished as soon as they can obtain from the State Farm Insurance Company a copy of Mr. Benedict's endorsement of a benefit check to the order of Mr. Rice. But the plaintiff cannot be required to wait an unreasonable period of time for this to happen, particularly in view of the ample time which the defendants have already been granted in which to accomplish the expunction. Therefore, the decree of nondischargeability should issue and a judgment for the value of the security. In order to promote justice, it will be provided that the judgment may be satisfied within 25 days of March 30, 1981, by production of the automobile to the plaintiff, free of the lien of Steve Rice. Thereafter, however, the judgment may be satisfied only by payment of the unpaid balance due on the loan, which, in the absence of other evidence,

---

4. Thus, it is said that attorney's fees are also awardable "when the losing party has 'acted in bad faith, vexatiously, wantonly or for oppressive reasons.' " *Alyeska Pipeline Service v. Wilderness Society, supra* note 3, 95 S.Ct. at 1622. And " 'bad faith' may be found, not only in actions that led to the lawsuit, but also in the conduct of the litigation." *Hall v. Cole*, 412 U.S. 1, 93 S.Ct. 1943, 1951, 36 L.Ed.2d 702 (1973).

5. See § 330 of the Bankruptcy Code.

may be presumed to be the equivalent in value of the automobile."

The files and records in this case demonstrate that the debtor Skeeter Dale Benedict never succeeded in clearing the certificate of title of the notation of Mr. Rice's lien. Thus, after ample, repeated opportunities to prove, in substance, that they had actually paid off the debt underlying the lien, the debtor was never able to make that proof by expunging the lien from the title. Further, the same files and records show that no serious efforts even purported to be made in this regard by the debtors until after the court had, on March 30, 1981, issued this judgment in the alternative. For the debtor Skeeter Dale Benedict did not purport prior to the issuance of that order to attempt to obtain from State Farm Insurance Company a copy of the endorsed check or draft. Prior to that time, the debtors responded to the court's orders directing that the expunction be accomplished only with vague and sometimes unresponsive averments which appeared to detract from Skeeter Dale Benedict's former testimony that the $500 debt to Mr. Rice had in fact been paid off.[6] In view of this equivocality of the debtor Skeeter Dale Benedict, the court granted him a total of 116 days from and after December 29, 1980, in which to show that his material factual testimonial assertion—which he had later contradicted—was correct. This has not, as the foregoing considerations make clear, yet been done.

█ It is, accordingly, the position of counsel for the plaintiff, therefore, that they are entitled to attorney's fees under the foregoing American Rule because the above and foregoing events demonstrate that they were required to prosecute this action only because of the fraud of the debtor Skeeter Dale Benedict. In applying the American Rule, however, in a dischargeability case, the court of bankruptcy must operate with an abundance of care. For it would defeat the purposes of the bankruptcy law and ignore its letter if the court were to hold that attorney's fees are payable to any plaintiff who is successful in prosecuting a nondischargeability complaint against a debtor in title 11 proceedings. There is no statutory of decisional authority warranting or authorizing such a principle. And, if the Congress had intended that attorney's fees ordinarily be awarded to a party who is successful in proving fraud as a basis of nondischargeability under § 523(a)(2) of the Bankruptcy Code, it would have been somewhere so provided in the text of § 523 or elsewhere in the Code. This is apparent from the fact that § 523(d) provides for attorney's fees for a *debtor* who is successful in actions, such as that at bar, under § 523(a)(2), but there is no equivalent provision for any award of attorney's fees to a *plaintiff* in such an action.

For these reasons, this court has been given great pause in making its decision respecting whether to award attorney's fees under the general principles of the American Rule in this case. It cannot be thought conscionable to award attorney's fees simply on the basis that the plaintiff has prevailed generally in an action based upon allegations of fraud or false representation. There is no statutory or decisional law to warrant or authorize such, as this court believes, on the basis of the foregoing principles, is necessary to the making of such an award.

█ Rather, the American Rule, it appears, can be applied in favor of a plaintiff in a nondischargeability case under § 523(a)(2) of the Code only with respect to such fraud as required him to prosecute an action of greater dimension than he could otherwise have expected to prosecute to obtain a decree of nondischargeability under § 523(a)(2). In the action at bar, therefore, the fraud which is alleged in the plaintiff's complaint cannot and should not constitute any basis for an award of attorney's fees. If it were, the bankruptcy courts could be required to award attorney's fees in each and every action under § 523(a)(2) in which they were successful in obtaining

---

**6.** See the findings supporting the judgment filed on March 30, 1981, for a recitation of the history of this action which supports this conclusion.

the decree of nondischargeability. And, as concluded above, that cannot be the intent of Congress. In this case, however, the facts ultimately proven demonstrate that the initial decree of dischargeability was secured by a debtor on the basis of testimony which was later discredited, but only after the debtor's action or inaction caused plaintiff to have to incur additional legal expenses in order to prove that the crucial testimony was false or incorrect. Thus, the records of the court demonstrate that, even after the court issued its initial posttrial order on December 29, 1980, directing the debtor to effect expunction of the Rice lien on the certificate of title, the debtor's delay and equivocal representations on the issue on which he had formerly testified with certainty necessitated further legal actions culminating in a new trial and a new judgment. This continuing concealment of what must now be admitted to be fact— that there exists no verifiable evidence of payment of the $500—may equitably provide the basis for an award of attorney's fees to the offended party under the American Rule.

Therefore, plaintiff may have its reasonable attorney's fees incurred in filing the motion for the new trial and in preparing for and attending and participating in the new trial. For these legal services, counsel have filed applications for a total of $2,143.50. Some $895 of these relate to services made necessary by the continuing failure to clear the certificate of title of the Rice lien. Based upon its review of the detailed statements supporting those applications, it is found that the sum of $895 is a reasonable fee.[7]

It is therefore, for the foregoing reasons,

ORDERED AND ADJUDGED that plaintiff be, and it is hereby, granted judgment against the defendant Skeeter Dale Benedict for an attorney's fee in the sum of $895.

7. The sum of $845.00 attributable to posttrial proceedings which followed the rendition of the initial judgment of October 20, 1980, is claimed

by Edwin Ronwin, Esquire. The other $45 is claimed by Michael Murphy, Esquire, local counsel.