**In re Enis THOMAS, Jr., Debtor.**

**William B. SEARIGHT, Administrator of the Estate of Barka B. Searight, deceased, Plaintiff,**

**v.**

**Enis THOMAS, Jr., Defendant.**

**Bankruptcy No. 85–00546–N.**
**Adv. No. 85–0339–N.**

United States Bankruptcy Court, E.D. Virginia, Norfolk Division.

Aug. 1, 1985.

Richard A. Saunders, of Furniss, Davis & Rashkind, Norfolk, Va., for plaintiff.

Jon D. Becker, of Garfinkel & Becker, P.C., Virginia Beach, Va., for defendant.

## MEMORANDUM ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

[In which we elaborate upon 11 U.S.C. 523(a)(9), there being an apparent Achilles' heel therein. A swift drunken debtor may not defeat an injured creditor through a technicality.]

The plaintiff is the administrator of the estate of Barka B. Searight, who was killed in a collision with the debtor, Enis Thomas, Jr., and by this action seeks to have the debtor's indebtedness for this tragedy declared nondischargeable in bankruptcy pursuant to 11 U.S.C. 523(a)(9), the drunk driver exception to discharge.

The defendant has moved to strike (sic dismiss) the action on the grounds that § 523(a)(9) requires a prerequisite judgment or consent decree neither of which here exists. Does it? It might so appear:

11 U.S.C. 523

(a) A discharge ... does not discharge an individual debtor from any debt—

(9) to any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred;[1]

Congress is often the artful dodger, but is it the artful drafter of legislation? Here, I fear not. From a plain reading, it would indeed appear that the claim against an intoxicated driver must be reduced to judgment or consent *prior* to the offender's bankruptcy.

■ The 1984 amendment relative to the drunk driver exception to discharge was necessary because based on then existing case law[2] such a debt was dischargeable since under the law in most states drunk driving is considered only negligence and was not willful and malicious to reach nondischargeability under § 523(a)(6). In other words, (9) now creates a presumption of willful and malicious action.

Congress, therefore, removed the technical cloak of protection from drunk drivers.

■ But, as worded, the legislation gives quick-thinking drunks or their attorneys an out. If they can race to the U.S. Bankruptcy Court before the injured can obtain a

---

1. Be careful! There are two subparagraphs (9). When the drunk driving amendment was added in 1984, the then existing (9) dealing with prior debts was to have been redesignated (10), but Congress erred (sic).

2. Such a case was *In re Maney* 23 B.R. 61 (B.C.W.D.Okla.1982).

state court judgment, the intoxicated debtor can still prevail. I take judicial notice of the fact it takes considerably longer to obtain a judgment than it does to file bankruptcy. Really, *absent a dilatory debtor, one injured can still not prevail.*

 Congress did not intend this. Nothing in the Congressional intent reflects a wish to so impede an injured party. I believe it means *if* the injured creditor [3] can obtain a consent or a judgment in state court based on legal intoxication, the debt is nondischargeable. It doesn't stand to reason that Congress sought to remedy a national problem and then failed at it.

Thus far we have concluded that

1—an injured creditor has a remedy in bankruptcy and

2—the remedy may not be defeated by a drunken debtor who is swift of foot.

 How, then, does it work? One has a claim against another, but before it can be reduced to judgment the other files bankruptcy. We here create a new procedure. It is our equitable right and duty. *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966); *Bank of Marin v. England,* 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966); *Braddy v. Randolph,* 352 F.2d 80 (4th Cir.1965); *Brockington v. Scott,* 381 F.2d 792 (4th Cir.1967).

 A creditor which has not had reasonable time [4] to seek a judgment in state court shall be granted leave of this Court to diligently prosecute his claim in state court.

There must be a prerequisite timely filing of a complaint for the determination of the dischargeability of the debt. That has been done. If the state court awards no judgment, the defendant may then ask for dismissal of the dischargeability action in the U.S. Bankruptcy Court. If judgment is awarded, this Court will examine that judgment and if satisfied it is proper, will find the debt not dischargeable in bankruptcy

and merge the state court judgment into one in the U.S. Bankruptcy Court.

 Leave is hereby granted the plaintiff to timely seek judgment in the state courts and report to this Court.

IT IS SO ORDERED.

---

3. One with a claim against a drunk driver is a creditor. 11 U.S.C. 101(9).

4. The death occurred in 1984, trial was set in state court for April 24, 1985, and the debtor filed bankruptcy on April 5, 1985.