In re Richard E.
DOUGHERTY, Plaintiff,

v.

Scott Ray BRACKETT, Defendant.

No. 85 M 0009.

United States Bankruptcy Court,
D. Colorado.

Aug. 30, 1985.

Christina Bearman, Denver, Colo., for plaintiff.

Paul Prendergast, Denver, Colo., for defendant.

## ORDER FINDING DEBT NON–DISCHARGEABLE

JOHN F. McGRATH, Bankruptcy Judge.

Richard E. Dougherty (Plaintiff) filed a complaint against the Debtor, Scott Ray Brackett, (Defendant) to determine whether a debt owed to Plaintiff by Defendant was non-dischargeable.

The facts are undisputed. On December 30, 1983, Plaintiff and Defendant were involved in an automobile accident. As a result of the collision, the Defendant was charged with driving under the influence of alcohol, no proof of insurance, careless driving, and excessive blood alcohol content. The Defendant plead guilty to driving while ability impaired and was placed on probation for two years. A condition of that probation was Defendant's payment to Plaintiff of $10,400 in restitution, to be paid $200.00 every two weeks to the court, which in turn ordered to pay the money received to the Plaintiff. The Defendant voluntarily executed a promissory note to Plaintiff setting forth the obligation and terms of repayment. The execution of the note was not required by the terms of the probation. The Defendant made somewhat irregular payments for a period of five months, totalling $2,200.00, and then filed bankruptcy.

The Plaintiff instituted this action to determine whether the balance due, $8,200.00, was dischargeable. The Plaintiff alleged, as grounds for non-dischargeability, 11 U.S.C. § 523(a)(9), relating to debts arising out of driving while legally intoxicated; 11 U.S.C. § 523(a)(6), relating to willful and malicious acts; and that a restitution order is not dischargeable. At trial, the parties agreed that the underlying restitution order, imposed by a criminal court, is not dischargeable in bankruptcy. Therefore, this court need not address that issue. The Plaintiff abandoned his claim under section 523(a)(6), in light of the decision *In re Compos*, 768 F.2d 1155 (10th Cir.1985). Therefore, the trial proceeded on the issue of whether the promissory note and the civil obligation it represents are dischargeable under § 523(a)(9).

The Defendant filed his petition in bankruptcy on October 10, 1984. As the 1984 amendments to the Bankruptcy Code enacted by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (Pub.L. No. 98–353) took effect with regard to cases filed beginning October 8, 1984, it is clear that § 523(a)(9), enacted by that statute, is applicable to this case.

The Defendant raises two defenses to the claim of non-dischargeability. First, he claims that a guilty plea to driving while ability impaired "DWAI" is not evidence of legal intoxication within the meaning of the Code. He also argues that a voluntarily executed promissory note is not a "judgment or consent decree entered in a court of record", as required by the statute. He argues that the note should be treated as separate and distinct from the underlying restitution order, and is, therefore, neither a judgment or consent decree.

■ This Court recognizes that the purpose of Congress in enacting this statute, as reflected in its legislative history, was to remedy the problem raised by decision under § 523(a)(6) such as *In re Compos*, supra, which held that proof of drunk driving was not proof of "willful and malicious" intent as required by that statute. It is unfortunate that Congress chose the wording adopted in § 523(a)(9), for the language raises more issues than it resolves, as is apparent by the facts in this case. This Court determines that § 523(a)(9) should be construed broadly to accomplish the stated intent: to find debts non-dischargeable that arise out of the operation of a motor vehicle while intoxicated. Given a broad construction of the statute, the defenses raised by the Defendant must be rejected.

The Defendant first argues that a plea of guilty to DWAI is no evidence of legal intoxication as required by the statute. As § 523(a)(9) requires a finding of legal intoxication under the laws or regulations of any jurisdiction wherein the motor vehicle was operated or the liability incurred, this Court must examine Colorado statutes to determine whether the Defendant was legally intoxicated. Section 42–4–1202, C.R.S., sets forth the definitions of alcohol-related traffic offenses. Section 42–4–1202(1)(a) provides that driving under the influence of intoxicating liquor is a misdemeanor; section 42–4–1202(1)(b) provides that driving while ability is impaired by the consumption of alcohol is also a misdemeanor. The balance of the statute defines driving under the influence and driv-

ing while ability is impaired, based on blood alcohol and breath alcohol content; the procedures for administering breath and blood tests; and the penalties for conviction, as well as other matters not relevant here. Thus, the structure of the statute is to define several alcohol-related offenses, their methods of proof, and the penalties to be assessed upon conviction.

Section 523(a)(9) refers to legal intoxication; none of Colorado's alcohol-related traffic offenses are termed "legal intoxication". Defendant cites *Thompson v. People*, 181 Colo. 194, 510 P.2d 311 (1973), for the proposition that there is a distinction between driving under the influence and driving while ability impaired. While recognizing that distinction, this Court must conclude that both are "legal intoxication" within the meaning of section 523(a)(9).

In enacting a statute to apply to the drunk driving laws of fifty different states, Congress could not have incorporated the legal terminology used by each state in defining the various offenses. Therefore, Congress chose the term "legally intoxicated" and then referred to each state's laws for a definition of that term. There is no indication that Congress intended to draw a distinction between degrees of intoxication. The purpose of § 523(a)(9) is to protect victims of accidents caused by drunk drivers. To effectuate that purpose, this Court concludes that the various degrees of intoxication defined by § 42–4–1202, C.R.S., are all legal intoxication within the meaning of § 523(a)(9).

The second issue raised by Defendant is that no judgment or consent decree has been issued in favor of the Plaintiff. This Court disagrees. The Defendant voluntarily plead guilty to a charge of driving while ability impaired, voluntarily agreed to pay restitution to the Plaintiff, and voluntarily executed a promissory note to the Plaintiff setting forth the terms of payment. No evidence was presented to this Court to indicate that any of those actions were not understood by the Defendant or were taken under duress. The Court finds

that these activities are tantamount to a consent decree.

The Defendant argues that the Plaintiff had no right to seek enforcement of the restitution order, should the Defendant stop paying, and that a judgment or consent decree is enforceable by the prevailing party. The Court does not disagree with this statement. Nevertheless, the Plaintiff could have sought enforcement of the promissory note, absent Defendant's filing bankruptcy. In addition, there was no need for Plaintiff to bring a civil action to recover the debt, when the Defendant is obligated to make restitution as a condition of his probation and has executed a promissory note to the Plaintiff. Again, considering the purpose of the enactment of section 523(a)(9), the Court finds that the guilty plea, restitution order, and promissory note constitute a consent decree within the meaning of the statute.

Finally, the Plaintiff seeks recovery of attorney's fees, as provided for in the note. This litigation is not a suit on a note. It is a complaint to determine the dischargeability of a debt. As there is no provision in the Bankruptcy Code for the recovery of attorneys fees in a dischargeability suit, none can be allowed to the Plaintiff here. See *In re Benedict*, 15 B.R. 675 (Bankr.W.D.Mo.1981).

WHEREFORE, IT IS ORDERED that the debt of Defendant, Scott Ray Brackett, to Plaintiff, Richard E. Dougherty, in the amount of $8,200.00, is determined to be non-dischargeable. Plaintiff's request for attorneys fees is denied.