**Danny Lee LEACH, Debtor Appellant,**

v.

**Teresa May RECKLEY, Kevin E. Reckley, and State Farm Mutual Automobile Insurance Company, as Subrogee of Teresa May Reckley and Kevin E. Reckley, Appellees.**

**In re Danny Lee LEACH, Debtor.**

Civ. No. IP 85–1554–C.
Bankruptcy No. IP 85–60–V.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Aug. 19, 1986.

David P. Murphy, Greenfield, Ind., for debtor appellant.

Anthony M. Campo, Indianapolis, Ind., for appellees.

## ENTRY

DILLIN, District Judge.

This cause is before the Court on appeal from an order by the United States Bankruptcy Court for the Southern District of Indiana, which granted the appellees' motion for relief from stay and extension of time to file complaint to determine dischargeability. For the following reasons, the decision of the United States Bankruptcy Court is affirmed.

### Background

The facts underlying this appeal are basically uncontroverted. On or about December 18, 1982, a motor vehicle driven by the appellant, Danny Lee Leach, collided with a vehicle in which appellees Teresa May Reckley and Kevin E. Reckley were the driver and passenger, respectively. Leach was charged on March 11, 1983, with the offense of driving while intoxicated, to which he entered a plea of guilty on November 30, 1983. On October 2, 1984, the Reckleys filed a lawsuit in the Marion County Superior Court, Cause No. S 584–1274, claiming damages against Leach for injuries allegedly sustained in the accident. Leach then filed a voluntary petition in the United States Bankruptcy Court for the Southern District of Indiana on January 7, 1985, seeking relief under 11 U.S.C. Chapter 7. An automatic stay of the Marion County Superior Court action was entered as of January 7, 1985, pursuant to 11 U.S.C. § 362.

On March 18, 1985, the appellees filed a motion for relief from stay and extension of time to file complaint to determine dischargeability under 11 U.S.C. § 523(a)(9). The Bankruptcy Court held a hearing on the motion and entered an order granting the motion September 20, 1985. Leach filed his appeal from that order on October 23, 1985.

*Memorandum of Opinion*

The issue on appeal is whether the Bankruptcy Court's order was based upon an erroneous conclusion of law. Determination of this issue turns on application of 11 U.S.C. § 523(a)(9), which reads:

A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt to any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred[.]

Based upon its interpretation of 11 U.S.C. § 523(a)(9), the Bankruptcy Court granted the appellees relief from the automatic stay of 11 U.S.C. § 362, so that they could proceed with the litigation pending against the appellant in the Marion County Superior Court. The Court also granted the appellees an extension of time for filing a complaint to determine the nondischargeability under 11 U.S.C. § 523(a)(9) of any judgment obtained against the debtor in the state court proceeding.

Debtor appellant Leach argues that the Bankruptcy Court erred in its interpretation of 11 U.S.C. § 523(a)(9), contending that § 523(a)(9) is inapplicable where the party seeking relief has not obtained a judgment or consent decree prior to the initiation of bankruptcy proceedings by the debtor. Furthermore, the appellant contends that relief from the automatic stay of 11 U.S.C. § 362 is not permissible where there is no liability insurance to pay the costs of the debtor's defense or a judgment against the debtor. Leach also argues that although § 523(a)(9) became effective before he filed his voluntary petition in bankruptcy, this provision should not be applied to a claim arising from a 1982 accident. However, these contentions are neither supported by recent case law, nor do they effectuate the legislative purpose of § 523(a)(9).

Addressing the argument that a claim must be reduced to judgment or consent decree prior to the offender's bankruptcy, the United States Bankruptcy Court for the Eastern District of Virginia held:

The 1984 amendment relative to the drunk driver exception to discharge was necessary because based on then existing case law such a debt was dischargeable since under the law in most states drunk driving is considered only negligence and was not willful and malicious to reach nondischargeability under § 523(a)(6)....

Congress, therefore, removed the technical cloak of protection from drunk drivers.

But, as worded, the legislation gives quickthinking drunks or their attorneys an out. If they can race to the U.S. Bankruptcy Court before the injured can obtain a state court judgment, the intoxicated debtor can still prevail....

Congress did not intend this. Nothing in the Congressional intent reflects a wish to so impede an injured party. I believe it means *if* the injured creditor can obtain a consent or a judgment in state court based on legal intoxication, the debt is nondischargeable. It doesn't stand to reason that Congress sought to remedy a national problem and then failed at it....

A creditor which has not had reasonable time to seek a judgment in state court shall be granted leave of this Court to diligently prosecute his claim in state court.

*In re Thomas*, 51 B.R. 187, 13 Collier Bankr.Cas.2d 113, 114–15 (Bankr.E.D.Va. 1985) (footnotes omitted). Other courts have similarly given a broad construction to § 523(a)(9) in order to accomplish the statute's purpose. *In re Moore*, 53 B.R. 259 (Bankr.S.D.Ohio 1985); *In re Cardona*, 50 B.R. 596 (Bankr.S.D.Fla.1985); *Dougherty v. Brackett*, 51 B.R. 987, 458 (Bankr. D.Colo.1985).

■ Recent case law is also contrary to the appellant's contention that § 523(a)(9), which became effective in 1984, does not apply to a claim arising from a 1982 accident. Bankruptcy courts have consistently applied this provision to debtors who filed in bankruptcy after the provision became effective, regardless of whether the debtor's liability arose from an accident which occurred before the effective date of the statute. *In re Cardona*, 50 B.R. 596 (Bankr.S.D.Fla.1985); *Dougherty v. Brackett*, 51 B.R. 987, 13 Collier Bankr.Cas.2d 458 (Bankr.D.Colo.1985). As the United States Bankruptcy Court for the Southern District of Florida explained:

> Section 523(a)(9) is unambiguously applicable as a restriction on discharges granted in bankruptcy cases filed after October 8, 1984. The Fifth Amendment only requires a more restrictive application if the amendment would "eliminate *property* rights which existed before the law was enacted." [Citation omitted.] The debtor's entitlement to a bankruptcy discharge is not a property right, but a statutory privilege created by and subject to modification by Congress at any time.

*In re Cardona*, 50 B.R. at 598. The applicability of § 523(a)(9) is therefore determined by the date the debtor filed in bankruptcy, not the date of any accidents which may have given rise to debtor liability.

■ The appellant has not cited case authority, nor is this Court aware of any, which supports the proposition that § 523(a)(9) is only available to claimants who reduce their claims to judgment or consent decree before the debtor files in bankruptcy. Furthermore, there is nothing on the face of the statute or in the developing case law to support the appellant's other contention that § 523(a)(9) may be applied only against insured debtors. For the foregoing reasons, this Court finds no error in the legal conclusions of the Bankruptcy Court. Accordingly, the order appealed from is hereby affirmed.