In re Salvatore F. TUZZOLINO, Debtor.

Langine R. WASKIEWICZ, Plaintiff,

v.

Salvatore F. TUZZOLINO, Defendant.

Bankruptcy No. 86–00049.
Adv. Pro. No. 86–0115.

United States Bankruptcy Court, N.D. New York.

Feb. 18, 1987.

Carmen J. Valvo, Rome, N.Y., for defendant.

Hancock & Estabrook, Syracuse, N.Y., for plaintiff; Mark J. Schulte, of counsel.

## MEMORANDUM–DECISION AND ORDER ON DEBTOR'S MOTION TO DISMISS ADVERSARY COMPLAINT

STEPHEN D. GERLING, Bankruptcy Judge.

For the second time, the Court considers the arguments of Debtor, Salvatore Tuzzolino ("Debtor") seeking to dismiss the adversary complaint objecting to dischargeability filed by Plaintiff Langine R. Waskiewicz ("Plaintiff"). By Order of the Court dated September 8, 1986, the Court dismissed Plaintiff's adversary complaint without prejudice on the grounds the same had been improperly served upon the Debtor. *Waskiewicz v. Tuzzolino (In re Tuzzolino)*, 71 B.R. 231 (Bankr.N.D.N.Y.1986) (Gerling, B.J.). Plaintiff was granted leave to file a new adversary complaint grounded upon § 523(a)(9) of the Bankruptcy Code, 11 U.S.C. §§ 101–151326 ("Code"). This was done on September 12, 1986, and Debtor's motion followed.

## FACTS

Plaintiff alleges that Debtor, while operating a motor vehicle on or about August 19, 1984, negligently and recklessly crossed the center line of a highway and collided head-on with Plaintiff's vehicle. The collision allegedly resulted in property damage to Plaintiff's vehicle in the amount of $10,-715.69.

While Plaintiff was not ticketed, Debtor allegedly was ticketed and charged with a violation of New York Vehicle and Traffic Law § 1192(3) (McKinney Supp.1986), or driving while intoxicated. Debtor was subsequently convicted of violating § 1192(1) of the Vehicle and Traffic Law, or driving while his ability was impaired.

On September 7, 1985, Plaintiff commenced a civil action against Debtor in the New York Supreme Court for the County of Oneida, seeking to recover the property damage. By virtue of Debtor's filing of his Chapter 7 petition on January 15, 1986, this action has been stayed. Code § 362(a)(1).

## GROUNDS FOR DISMISSAL

Debtor contends Plaintiff lacks standing to commence the adversary proceeding as he is not a real party in interest. Debtor alleges, via sworn affidavit, that Plaintiff has been compensated by his insurance company, Insurance Company of North America ("Insurer"), for all property damages save for an undisclosed deductible. Consequently, Debtor contends the Insurer is the real party in interest which more properly should advance this claim. The Plaintiff does not reply to this contention.

Debtor additionally argues for dismissal on the grounds: 1) Code § 523(a)(9) is inapplicable because there is no judgment or consent decree relating to intoxicated use of an automobile entered against Debtor; 2) Code § 523(a)(9) is inapplicable because Debtor was convicted of driving while impaired, and not driving while he was intoxicated; 3) Code § 523(a)(9) is inapplicable to causes of action which arose prior to October 1, 1984; and 4) as the state statute of limitations for intentional tort claims had expired by the time Plaintiff commenced the civil action, this Court cannot endorse a finding of non-dischargeability based solely upon a claim of negligence. Debtor also seeks an extension of time in which to advance further motions to dismiss should the Court deny that presently under consideration.

## CONCLUSIONS OF LAW

### I. JURISDICTION

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). The Court has jurisdiction pursuant to 28 U.S.C. § 1334 and § 157(a).

## II. PLAINTIFF AS REAL PARTY IN INTEREST

Federal law controls the question of the name in which a suit must be commenced under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Garcia v. Hall*, 624 F.2d 150, 152 n. 4 (10th Cir.1980). State law controls the issue of whether a subrogee is entitled to recover for the entire loss. *Id.; Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 83 (4th Cir.1973) *cert. denied*, 415 U.S. 935, 94 S.Ct. 1450, 39 L.Ed.2d 493. In applying New York law, the United States Court of Appeals for the Second Circuit has recognized that suits may be commenced in the name of a partly compensated insured. *Michigan Alkali Co. v. Bankers Indemnity Ins. Co.*, 103 F.2d 345, 348 (2d Cir.1939) ("Even when a suit is for the benefit of an insurer it may be brought in the insured's name." (citations omitted)).

■ Fed.R.Civ.P. 17(a), applicable to this proceeding by Fed.R.Bankr.P. 7017, provides that while every action is to be prosecuted in the name of the real party in interest,

> ... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

The real party in interest rule, as codified, is procedural and not substantive in nature. *American Dredging Co. v. Federal Insurance Co.*, 309 F.Supp. 425, 429 (S.D.N.Y. 1970).

■ If, as Debtor alleges, Plaintiff has received compensation from the Insurer for the property loss, then the insurer should either ratify the Plaintiff's adversary proceeding, or be formally joined as a party. Consequently, should Debtor's allegations be true, Plaintiff will be given a period of thirty days from the date of entry of this Order in which to enter the Insurer's ratification, or join that entity as a party plaintiff to an amended complaint which alleges whatever claims for relief the Insurer may assert against the Debtor.

## III. EFFECT OF CODE § 523(a)(9) HEREIN

### A. "Retroactive" Application of Code § 523(a)(9)

■ Code § 523(a)(9) was added to the Code as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984. P.L. No. 98–353; 98 Stat. 333. Although the enactment date of the legislation was July 10, 1984, its amendments to the Code applied, with exceptions not germane herein, "to cases filed 90 days after the date of enactment." P.L. No. 98–353, § 553(a). Code § 523(a)(9) is applicable to this case as it was filed on January 15, 1986. *Accord, Avitto v. Cardona (In re Cardona)*, 50 B.R. 596, 597 (Bankr.S.D.Fla.1985).

### B. Lack of Judgment or Consent Decree

■ The Court has previously held that a *pre-petition* judgment or consent decree establishing a debtor's liability for operation of a motor vehicle while legally intoxicated is not a prerequisite for application of Code § 523(a)(9). *Blackmer v. Richards (In re Richards)*, 59 B.R. 541, 14 BCD 348 (Bankr.N.D.N.Y.1986). In *Richards, supra*, the Court refused to strictly interpret Code § 523(a)(9), for to do so would render the Congressional intent behind enactment of the statute nugatory. *Id.*, 59 B.R. at 543, 14 BCD at 350. Consequently, the Court held that judgments or consent decrees upon pre-petition claims arising from an alleged use of motor vehicle while intoxicated could be entered post-petition. Thus, the fact that Plaintiff has yet to obtain judgment against Debtor in the currently stayed state court action is not a bar to a present application for a determination of nondischargeability in the bankruptcy. The scenario of events herein is precisely

that which led the Court to reach its holding in *Richards, supra*.[1]

### C. Consequences of Debtor's Conviction for D.W.A.I.

██ In the case of *Dougherty v. Brackett*, 51 B.R. 987 (D.Colo.1985), the bankruptcy court was presented with the exact argument which Debtor makes herein. In *Dougherty, supra*, the debtor contended that "a guilty plea to driving while ability impaired, 'DWAI', is not evidence of legal intoxication within the meaning of the Code." *Id.* at 988. The bankruptcy court rejected this contention, and noted that Colorado had one statute setting forth the definitions of alcohol-related traffic offenses.

The Colorado statute provided distinctions between driving while intoxicated and driving while ability impaired based on the driver's blood/alcohol ratio. Yet the *Dougherty* court did not focus on such distinctions, but concerned itself with the fact that the statute "defined several alcohol-related offenses, their methods of proof, and the penalties to be assessed upon conviction." *Id.*, 51 B.R. at 988. The *Dougherty* court explained the rationale underlying its ultimate determination that conviction for either DWI or DWAI established "legal intoxication" within the meaning of Code § 523(a)(9) as follows:

> In enacting a statute to apply to the drunk driving laws of fifty different states, Congress could not have incorporated the legal terminology used by each state in defining the various offenses. Therefore, Congress chose the term "legally intoxicated" and then referred to each state's laws for a definition of that term. There is no indication that Congress intended to draw a distinction between degrees of intoxication. The purpose of § 523(a)(9) is to protect victims of accidents caused by drunk drivers. To effectuate that purpose, this court concludes the various degrees of intoxication

defined by § 42–4–1202, C.R.S., are all legal intoxication within the meaning of § 523(a)(9).

*Id.*, 51 B.R. at 989.

In New York, § 1192 of the Vehicle and Traffic Law defines three alcohol-related offenses, none of which utilize the term "legal intoxication", two of which constitute misdemeanors under state law. The Court believes the rationale employed by the *Dougherty* court is particularly apt, and consequently, holds the various degrees of intoxication defined in § 1192 of the New York Vehicle and Traffic Law are all "legal intoxication" within the meaning of Code § 523(a)(9).

## IV. INTENTIONAL TORT AS UNDERLYING BASIS OF STATE CLAIM

██ Debtor contends that as Plaintiff is time barred from advancing a claim based upon an intentional tort in the state court action, there is no justification for the pending adversary proceeding. Debtor makes this argument by reference to the court's statement in *Richards, supra* wherein the court noted that "[T]he 1984 Amendments to the Code were intended to establish the presumption of the willful and malicious nature of driving while intoxicated. ... 'Debts incurred by persons driving while intoxicated are presumed to be willfully and maliciously incurred under this provision'." 130 Cong.Rec. H7489 (daily ed. June 29, 1984) (statement of Rep. Rodino). *Richards, supra*, 59 B.R. at 543, 14 BCD at 350. Debtor misconstrues the court's observations, made as they were in analyzing the continued influence of Code § 523(a)(6) upon claims arising against drunken drivers. The court did *not* hold that injured persons must have a viable intentional tort claim against a debtor before they may seek a determination of dischargeability of a debt related to a drunk driving offense. For purposes of determining the dischargeability of such a debt, the

---

1. "[A]s worded, the legislation gives quick-thinking drunks or their attorneys an out. If they can race to the U.S. Bankruptcy Court before the injured can obtain a state court judgment, the intoxicated debtor can still prevail." *In re Thomas*, 51 B.R. 187, 188–89 (Bankr.E.D.Va. 1985). *In re Richards, supra*, 59 B.R. at 543, 14 BCD at 350.

sole consideration is whether it was incurred by virtue of the Debtor's intoxicated use of a motor vehicle. The question of intent is no longer an issue under Code § 523(a)(9), as it had been under Code § 523(a)(6). Consequently, dismissal of Plaintiff's adversary complaint upon this ground is unwarranted.

## CONCLUSION

The Plaintiff has requested the Court to determine not only the dischargeable nature of Debtor's obligation, but also to rule upon the extent and amount of Debtor's obligation to Plaintiff. This request serves only to duplicate the relief sought in the state court proceeding, and involves matters more appropriately determined in that forum. With respect for state law, and in the interests of comity with the courts of New York state, 28 U.S.C. § 1334(c)(1), the Court will modify the automatic stay to allow Plaintiff to proceed against Debtor, and liquidate his claim in the state court action. Resolution of this adversary complaint is deferred until such time as the state courts resolve the issue of Debtor's civil liability to Plaintiff. Should liability be resolved in Debtor's behalf, he may then move for dismissal of the adversary complaint.

Finally, Debtor seeks an extension of time in which to file further motions for dismissal should his present motion be denied. As this is Debtor's second bite at the apple, an extension is unjustified.

As a consequence of the foregoing, it is

ORDERED:

1. Debtor's motion to dismiss Plaintiff's adversary complaint objecting to dischargeability is denied.

2. Debtor's request for an extension of time to make further motions concerning dismissal of Plaintiff's adversary complaint is denied.

3. Plaintiff shall enter the ratification of his Insurer, or join that entity as a party plaintiff to an amended complaint alleging whatever claims for relief the Insurer asserts against Debtor, within thirty (30) days of the date of entry of this Order.

4. The automatic stay of Code § 362 is modified to allow Plaintiff to proceed against Debtor in the suit presently pending before the New York Supreme Court for the County of Oneida.

5. This adversary proceeding is adjourned indefinitely to abide the outcome of the above state court proceedings.