**In the Matter of Ricky Burdell CAIN, Debtor.**

**GENERAL ACCIDENT INSURANCE COMPANY and Steven A. Brown, Plaintiffs,**

v.

**Ricky Burdell CAIN, Defendant.**

Bankruptcy No. 688–00045.
Adv. No. 688–0079.

United States Bankruptcy Court, N.D. Ohio.

Dec. 5, 1988.

William H. Keis, Jr. of Uhlinger & Keis, Cleveland, Ohio, for plaintiffs.

Douglas L. Thrush of Thrush, Thompson, Wolf, O'Donnell & Fithian Co., L.P.A., Mansfield, Ohio, for defendant.

MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

Presently before the court is a Motion for Summary Judgment filed by the Defendant, Ricky Burdell Cain. Respondents are General Accident Insurance Company and Steven A. Brown, Plaintiffs. Plaintiffs filed a complaint alleging their claim of $25,414.21 is non-dischargeable pursuant to 11 U.S.C. § 523(a)(9). Defendant answered denying the non-dischargeability of the debt and asserting the affirmative defense that the complaint was untimely filed, which also is the basis of Defendant's motion.

FACTS

On July 11, 1986, Defendant's automobile collided with the automobile of Steven A. Brown causing Mr. Brown to incur hospital and medical expenses and property damage to his automobile. General Accident Insurance Company, as insurer of Mr. Brown, was required to pay to its insured $25,314.21 under the uninsured motorist provisions of the policy and thus became subrogated to the rights of its insured. Mr. Brown was obligated to pay $100.00 under the deductible provisions of his policy.

On September 11, 1986, Defendant was found guilty of violating Ohio Rev.Code § 4511.19, this state's statutory prohibition against driving while intoxicated. Thereafter, on January 14, 1988, Defendant filed

for relief under Chapter 7 of Title 11 of the United States Code. The instant adversary proceeding was commenced by Plaintiffs on July 11, 1988. Defendant was granted a discharge on July 18, 1988.

### DISCUSSION

11 U.S.C. § 523(a)(9) provides:

(a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(9) to any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred;

\* \* \* \* \* \*

As to when a complaint pursuant to Section 523(a)(9) needs to be filed, Bankruptcy Rule 4007(b) provides:

**(b) Time for Commencing Proceeding Other Than Under § 523(c) of the Code.** A complaint other than under § 523(c) may be filed at any time. A case may be reopened without payment of an additional filing fee for the purpose of filing a complaint to obtain a determination under this rule.

■ Notwithstanding the plain and explicit language of the complaint, from its caption to its demand for relief and at all appropriate points in between, that the Plaintiffs were asserting the non-dischargeability of Defendant's obligation to them the Defendant argues that Plaintiffs' complaint must be dismissed in that it was filed after the date *to object to discharge* had passed.[1] However, as shown, Bank-

ruptcy Rule 4007(b) clearly states that a complaint challenging the dischargeability of a debt of this nature may be filed at any time and the case may even be reopened for the purpose of filing such a complaint. Accordingly, the court finds Plaintiffs' complaint was timely filed and, were it not for the inherent deficiencies in it which the court hereinafter raises sua sponte, would consider what sanctions might appropriately be imposed for such a frivolous filing by Defendant.

The court finds that Plaintiffs' complaint should be dismissed on other grounds, specifically Fed.R.Civ.P. 12(b)(6) made applicable to the instant proceeding by Bankruptcy Rule 7012.

■ Plaintiffs allege in their complaint that the debt owing to them is non-dischargeable pursuant to Section 523(a)(9). For this provision to come into play, two prerequisites must be established:

(1) The debt arises from a judgment entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle;

(2) The debtor operated the motor vehicle while legally intoxicated under the laws of the state in which the motor vehicle was operated.

*In re Gomez,* 70 B.R. 96, 98 (Bankr.S.D. Fla.1987). (Citing *In re Cunningham,* 48 B.R. 641 (Bankr.W.D.Tenn.1985).

The dismissal of a complaint pursuant to Fed.R.Civ.P. 12(b)(6) is appropriate if "it appears beyond doubt that [Plaintiffs] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Baldwin–United Corporation v. Utica Mutual Insurance Company,* 52 B.R. 541, 549 (Bankr.S.D.Ohio 1985), citing *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983) *cert. denied* 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984).

No matter what facts are presented to the court, Plaintiffs cannot establish that

---

1. Rule 4004. Grant or Denial of Discharge.

   **(a) Time for Filing Complaint Objecting to Discharge; Notice of Time Fixed.** In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code

shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).

   The last day to file such a complaint in the instant proceeding was April 18, 1988.

their claim arises from a judgment in that no state court action was ever commenced.

Plaintiffs, in their Brief in Opposition to Defendant's Motion for Summary Judgment, entirely misapprehend Judge Bonney's memorandum order in *In re Thomas*, 51 B.R. 187 (Bankr.E.D.Va.1985). Judge Bonney does not ignore the provision of Section 523(a)(9) that establishes the obtaining of a judgment or consent decree as a prerequisite for relief under that section. Rather, disturbed as he obviously was about the opportunity of one to thwart the intention of Congress by rushing to the bankruptcy court for relief before a judgment could be obtained, he plainly said:

> A creditor which has not had reasonable time to seek a judgment in state court shall be granted leave of this Court to diligently prosecute his claim in state court.

*In re Thomas* at 189.

Plaintiffs would have this court leap frog the process clearly established by Section 523(a)(9) and put itself in the position of trying a drunk-driving case. While Judge Bonney notes that Congress was seeking "to remedy a national problem" (*Thomas* at 189) he is not suggesting, and this court certainly will not suppose, that Congress intended the nation's bankruptcy courts to be so used. It is interesting to note that Judge Bonney's expressed concern about drunk-driving debtors racing to obtain relief in bankruptcy court before injured Plaintiffs can pursue their rights in courts of appropriate jurisdiction was not at all a problem in this case. Here, the accident giving rise to the claim Plaintiffs assert against the debtor occurred more than two and one half years before the bankruptcy petition was filed. During all of that time, Plaintiffs apparently sought no civil redress for their losses and now, having been confronted with debtor's bankruptcy, ask this court to so interpret a plainly written statute as to save them from their oversight.

It is necessary for "[a]n action to determine liability for damages arising from drunk driving [to] have at least been commenced in a state or other court of appro-priate jurisdiction for a debt to be determined nondischargeable pursuant to § 523(a)(9) in a subsequent bankruptcy proceeding." *In re Jackson*, 77 B.R. 120, 124 (Bankr.N.D.Ohio 1987).

The court finds that Plaintiffs' complaint fails to state a claim upon which relief can be granted and, for that reason, must be dismissed.

An order in accordance herewith shall issue.