Ronald J. Prenger, Jefferson City, Mo., for plaintiff.

Cyril M. Hendricks, Jefferson City, Mo., for defendants/debtors.

In re Scott Jay GILL & Jane Phyllis Gill, Debtors.

**BECK MOTORS, INC., Plaintiff,**

v.

**Scott Jay GILL & Jane Phyllis Gill, Defendants.**

Bankruptcy No. 88–01939–C.
Adv. No. 88–0584–C.

United States Bankruptcy Court, W.D. Missouri, C.D.

Dec. 8, 1988.

MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

This interesting proposed expansion of 11 U.S.C. § 523(a)(9) arises out of an adversary action filed by Beck Motors, Inc. (hereinafter plaintiff) against Scott Jay Gill and Jane Phyllis Gill (hereinafter defendants). The facts are stipulated and may be stated very simply. On April 25, 1987, defendants purchased a 1980 Plymouth Horizon from plaintiff and executed a promissory note and security agreement to plaintiff to secure payment of the note which represented the unpaid balance of the purchase price. The security agreement provided, inter alia, that defendants would procure and maintain collision insurance naming plaintiff as a loss payee. Defendants did not procure said coverage and on May 9, 1987, defendant Scott Jay Gill was involved in a collision with one Karen Kempter. Said collision "totaled" the 1980 Plymouth Horizon. Defendant Scott J. Gill was charged with driving while intoxicated and subsequently entered a plea of guilty to

said charge. Nothing further transpired until March 14, 1988, when counsel for plaintiff sent defendants a letter which he characterized as "required by the Fair Debt Collection Practices Act", (a characterization with which the Court does not agree but which is not important to the result) and defendants filed their petition for relief on April 28, 1988.

The primary issue argued by counsel for plaintiff and defendants in their memoranda filed, is whether plaintiff had progressed far enough in its collection action to fulfill the requirements of 11 U.S.C. § 523(a)(9) because plaintiff did not have either "a judgment or consent decree entered in a court of record" as apparently required by such section. This Court while noting the various twistings and turnings employed by various courts to give effect to the perceived intent of Congress rather than the words employed by that august body, does not feel that such is the determinative issue in this case. *In re Anderson,* 74 B.R. 463 (Bkrtcy.E.D.Wisc.1987); *In re Thomas,* 51 B.R. 187 (Bkrtcy.E.D.Va.1985); *Leach v. Reckley,* 63 B.R. 724 (S.D.Ind. 1986); *In re Moore,* 53 B.R. 259 (Bkrtcy.S. D.Ohio 1985); *In re Cardona,* 50 B.R. 596 (Bkrtcy.S.D.Fla.1985); *Dougherty v. Brackett,* 51 B.R. 987 (Bkrtcy.Colo.1985); and *In re Richards,* 59 B.R. 541 (Bkrtcy.N. D.N.Y.1986). 11 U.S.C. § 523(a)(9) is a creature of the 1986 amendments to the Bankruptcy Reform Act of 1978. As applicable to this case, it reads:

"(a) A discharge under section 727 ... of this title ... does not discharge an individual debtor from any debt—

(9) to any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction ..."

Leaving aside the issue of whether plaintiff must have a judgment or have a consent decree or have filed a suit or have sent a letter, there is a basic reason that this amendment does not support plaintiff's petition. That reason is that the debt plaintiff seeks to exempt does not arise from the *operation of a motor vehicle while legally intoxicated* but arises from the contract (security agreement and note) entered into between the plaintiff and the defendants on or about April 25, 1987. That is clearly shown by the fact that plaintiff seeks nondischargeability against both defendants (although only one was driving) and seeks $2,227.23 (the balance due on the promissory note) rather than the actual value of the motor vehicle on May 9, 1987.

To revisit the ivy covered halls of law school academia and to venture only lightly into the arena of *Palsgraf,* and its progeny *Palsgraf v. Long Island Railroad Co.,* 248 N.Y. 339, 162 N.E. 99 (1928), reh. denied 249 N.Y. 511, 164 N.E. 564 (1928), the proximate cause of plaintiff's injury to which it desires to apply a nondischargeable poultice was not the intoxication of one of the defendants. Instead it was the joint and several failure of the two defendants to provide the insurance coverage promised by their contract. While the former may or may not be determined nondischargeable, there is no evidence to support nondischargeability of any contractual liability under the note· and security agreement from whence plaintiff's real claim arises.

Plaintiff's petition to have the indebtedness of $2,227.23 (the balance due on the note) declared nondischargeable is DENIED.

This Memorandum Opinion shall constitute Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.

SO ORDERED.