**In re John Michael SKINNER, Chapter 7 Debtor.**

**FAIR OAKS DODGE, Plaintiff,**

v.

**John Michael SKINNER, Defendant.**

**Bankruptcy No. 94–11225–AT.**
**Adv. No. 94–1192.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Nov. 1, 1994.

Priscilla G. Bornmann, McKinley, Schmidtlein & Mitchell, Alexandria, VA, for plaintiff.

Spencer D. Ault, Ault, Stein & Harris, Leesburg, VA, for debtor/defendant.

Donald F. King, Chapter 7 Trustee, Odin, Feldman & Pittleman, Fairfax, VA.

### MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

In this adversary proceeding plaintiff filed a complaint seeking to except a debt from

---

1. The facts were presented to the court during a hearing on debtor's motion to dismiss. The findings of fact are made exclusively for the disposition of this motion and are not binding on the parties in the underlying adversary proceeding.

debtor's discharge pursuant to provisions of 11 U.S.C. § 523(a)(5) and also to deny debtor's discharge in bankruptcy pursuant to 11 U.S.C. § 727(b). In response debtor moved to dismiss, alleging that plaintiff is without standing to bring the action. Because this court finds that the plaintiff and Mrs. Skinner have a sufficient interest in the outcome of the debt issue to make each of them a real party in interest, the court denies debtor's motion to dismiss.

### Findings of Fact [1]

On December 21, 1989, Debtor John Michael Skinner and Joanne E. Skinner, husband and wife, executed a retail installment contract for the purchase of a 1990 Dodge Van from Plaintiff Fair Oaks Dodge. After experiencing marital difficulties, Mr. and Mrs. Skinner executed a property settlement agreement which provided that Mr. Skinner would pay off the loan for the Dodge Van and that this payment was in the nature of and in lieu of spousal support. On April 22, 1993, the Loudoun County Circuit Court entered a Final Decree of Divorce which affirmed, ratified, and incorporated the property settlement agreement.

On March 17, 1994, Fair Oaks Dodge filed a warrant in debt in the Fairfax County General District Court against debtor and Mrs. Skinner for the deficiency due and owing under the retail installment contract. Because debtor filed a voluntary Chapter 7 petition on March 31, 1994, the state court action was stayed as to debtor. However, Fair Oaks Dodge received a judgment against Mrs. Skinner.

### Discussion And Conclusions of Law

■ Debtor argues that Fair Oaks Dodge does not have standing to prosecute this adversarial proceeding. This court interprets debtor's grounds for his motion to dismiss as relating to Fed.R.Civ.P. 17(a).[2] Rule 17(a) provides in pertinent part:

---

2. Pursuant to Bankruptcy Rules 7017 and 7019, Rule 17(a) applies to bankruptcy proceedings.

Every action shall be prosecuted in the name of the real party in interest.... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed.R.Civ.P. 17(a).

Both the plaintiff and Mrs. Skinner have a sufficient interest in the outcome of the debt issue to make each of them a real party in interest: Mrs. Skinner, because her liability to the plaintiff most likely depends on the outcome; plaintiff, because it is a third-party beneficiary in debtor's promise to pay the couple's joint debt in lieu of spousal support.

 Under Virginia law, a party for whose benefit a covenant or promise is made, whether wholly or in part, may maintain an action thereon in its own name, whether it is named in the instrument or not. Va.Code. Ann. § 55–22 (Michie 1986); *see also Cobert v. Home Owners Warranty Corp.*, 239 Va. 460, 466, 391 S.E.2d 263 (1990). Furthermore, a third person may sue on a contract in which it is not named if the document demonstrates the contracting parties' intent to directly benefit the third party. *See Petra Int'l Banking Corp. v. First Am. Bank of Virginia*, 758 F.Supp. 1120, 1131 (E.D.Va. 1991), *aff'd*, 953 F.2d 1383 (4th Cir.1992); *Norfolk–Portsmouth Newspaper, Inc. v. Stott*, 208 Va. 228, 231, 156 S.E.2d 610 (1967).

The property settlement agreement clearly and unambiguously defines debtor's promise to pay the couple's joint debt to plaintiff, and the document clearly demonstrates the Skinners' intent to directly benefit plaintiff. The document, in pertinent part, states:

> The Husband shall be solely responsible for and shall indemnify, defend and hold harmless the Wife from the following:
>
> (c) The loan outstanding upon the 1990 Dodge van, which shall immediately be sold for best price available and all proceeds applied to said loan.

The provisions of this paragraph reflecting the Husband's obligation to indemnify, defend and hold harmless the Wife shall not be discharged in bankruptcy.

 Because the document clearly demonstrates the Skinners' intent to benefit plaintiff, both plaintiff and Mrs. Skinner are real parties in interest. As this court has held, in a dischargeability action where there appears to be two real parties in interest, the adversary may be brought "conditioned upon joining the other party to an amended complaint or filing a letter by the other party ratifying the conduct of the litigation on its behalf." *Bulman v. Bulman (In re Bulman)*, 123 B.R. 24, 27 (Bankr.E.D.Va.1990); *see also Waskiewicz v. Tuzzolino (In re Tuzzolino)*, 70 B.R. 373, 376 (Bankr.N.D.N.Y.1987).

Accordingly, this court will deny defendant's motion to dismiss upon Mrs. Skinner filing a letter ratifying the plaintiff's bringing of this adversary proceeding on her behalf. A separate order denying defendant's motion to dismiss will be entered at that time.