In re Joseph L.
CUNNINGHAM, Debtor.

Edward BRUNSWICK, Plaintiff,

v.

Joseph L. CUNNINGHAM, Defendant.

Bankruptcy No. 84–11006.
Adv. No. 85–0034.

United States Bankruptcy Court,
W.D. Tennessee, E.D.

April 26, 1985.

Lloyd A. Utley, Jackson, Tenn., for debtor-defendant.

William C. Bell, Jr., Jackson, Tenn., for plaintiff.

## MEMORANDUM OPINION
## AND ORDER

WILLIAM B. LEFFLER, Bankruptcy Judge.

In this adversary proceeding the Plaintiff, Edward Brunswick, holder of an Eight Hundred Thousand Dollar ($800,000.00) judgment against the Debtor, Joseph L. Cunningham, seeks to have his judgment declared nondischargeable pursuant to 11 U.S.C. §§ 523(a)(6) and 523(a)(9).

Upon consideration of the testimony and exhibits at trial, and the entire record, the Court makes the following findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052(a).

## FINDINGS OF FACT

The Plaintiff holds an Eight Hundred Thousand Dollar ($800,000.00) judgment entered against the Debtor in the Circuit Court of Obion County, Tennessee on October 16, 1984 pursuant to a jury verdict. The Plaintiff's cause of action was based upon injuries received as a result of an automobile accident in which the Debtor was driving his car at an unsafe speed while intoxicated. The facts surrounding the accident are not in dispute.

On Sunday, October 3, 1982 the Debtor and a friend purchased three six-packs of beer and proceeded to drive around Obion County and drink. The friend drove and the Debtor was a passenger. Between the hours of two o'clock P.M. and ten o'clock P.M. the Debtor and his drinking partner consumed all eighteen beers, sharing the beer equally. After the young men finished the beer they continued to drive around town and talk. At about eleven-thirty P.M. the Debtor and his friend parked the friend's car and got into the Debtor's new Trans-Am automobile. Shortly thereafter the Debtor and his friend encountered the Plaintiff and his fianceé. The Plaintiff and his fianceé got in the back seat of Debtor's automobile and the Debtor drove; they traveled out a rural road in Obion County, Tennessee. Sometime near midnight Debtor turned south on Pleasant Hill Road and traveled for about one mile at which point he turned around and proceeded to travel in a northern direction from whence he just came. For some unknown reason the Debtor increased the speed of his automobile to about sixty miles per hour, an unsafe speed considering that it was a foggy night and they were traveling on a dark rural road. Debtor did not stop at the intersection, nor did he reduce the speed of his automobile as he approached the intersection. Debtor drove his automobile through the intersection, across the road, and into a dirt embankment. The accident caused serious and permanent injuries to the Plaintiff and less serious injuries to the other passengers. By virtue of the accident, the Plaintiff is permanently paralyzed from the waist down and he is confined to a wheelchair.

After the Debtor drove through the intersection and crashed into the dirt embankment the investigating police officers charged the Debtor with the criminal offense of driving while intoxicated ("DWI") and indicated in the Arrest Report that the Debtor had a strong odor of alcohol on his breath. As a result of that charge the

Debtor pled guilty to DWI in the General Sessions Court of Obion County, Tennessee, on December 1, 1982. The Debtor was fined Two Hundred Fifty Dollars ($250.00), plus costs, and sentenced to serve forty-eight (48) hours in the county jail. Additionally, as a result of that guilty plea, the Court suspended the Debtor's driving privileges for a period of one (1) Year.

On August 24, 1983 the Plaintiff instituted the civil action against the Debtor. The Complaint in the state court action alleged that the Debtor operated his motor vehicle in violation of Tenn.Code Ann. § 55–10–401, which makes it unlawful for any person to drive an automobile while under the influence of an intoxicant. The Complaint additionally set forth that the accident was a direct result of the Debtor's operation of his automobile recklessly and negligently and that he intentionally drove his automobile while under the influence of alcohol.

In the civil proceeding in state court the Debtor never denied that he was intoxicated at the time of the accident. His defense was based upon contributory negligence and assumption of the risk on the part of the Plaintiff. The essence of the defense was that the Plaintiff knew that the Debtor was drunk when he got in the car with him.

On November 7, 1984 the Debtor filed a Chapter 7 Petition in Bankruptcy. The Plaintiff has been listed as an unsecured creditor in the amount of $790,000.[1]

In the instant proceeding the Debtor takes the position that he was not intoxicated at the time of the accident and that the accident was merely a result of Debtor's negligence, therefore, neither section 523(a)(9), nor section 523(a)(6) is applicable and a debt based on mere negligence is dischargeable pursuant to 11 U.S.C. § 727.

The Debtor put into evidence a copy of the hospital report showing that Debtor's blood alcohol level was .05 when Debtor was treated at the hospital after the accident. In rebuttal, the Plaintiff pointed out that the accident occurred after midnight on a Sunday on an isolated rural road and that it is not noted on the hospital record what time the blood test was performed.

The Debtor also challenges the voluntariness of his guilty plea in state court to DWI. This claim is without merit. Debtor's attempt to overturn the guilty plea must be pursued in state court.

The Plaintiff's position is that the Debtor's state court guilty plea should be given collateral estoppel effect in the dischargeability proceeding under 11 U.S.C. § 523.

## CONCLUSIONS OF LAW.

Section 523(a)(6) states as follows:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

A split of authority exists on the question of the dischargeability of an indebtedness arising from an automobile accident caused by a debtor while intoxicated. *Maxwell Trucking, Inc. v. Davis*, 26 B.R. 589 (Bkrtcy.D.R.I.1983); *Clair v. Oakes*, 24 B.R. 766 (Bkrtcy.N.D.Ohio 1982); *Matter of Morgan*, 22 B.R. 38 (Bkrtcy.D.Neb. 1982); *Williams v. Bryson*, 3 B.R. 593 (Bkrtcy.N.D.Ill.1980); *In re Maney*, 23 B.R. 61 (Bkrtcy.W.D.Ok.1982); *Gunther v. Kuepper*, 36 B.R. 680 (Bkrtcy.E.D.Wis. 1983) (cases holding the debt dischargeable); *Cf. Long v. Greenwell*, 21 B.R. 419 (Bkrtcy.S.D.Ohio 1982); *Prosch v. Wooten*, 30 B.R. 357 (Bkrtcy.N.D.Ala.1983); *Tobler v. Carey*, 35 B.R. 894 (Bkrtcy.E.D.Tn.1983); *Burns v. Cloutier*, 33 B.R. 18 (Bkrtcy.D. Ma.1983); *Hartford Insurance Group v. Galvan*, 39 B.R. 663 (Bkrtcy.D.Col.1984) (cases holding the debt nondischargeable).

The division of authority seems to have been resolved by the recently enacted Bankruptcy Amendments of 1984.

Section 523 was amended by adding paragraph (a)(9), that states as follows:

---

1. The Debtor had $10,000 worth of insurance. This amount was paid to the Plaintiff, leaving the Debtor liable for the remaining portion of the judgment.

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(9) to any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred;
...

When dealing with the question of dischargeability of an indebtedness arising from an automobile accident caused by a debtor while intoxicated under section 523(a)(6) the Court had to determine whether the actions by a debtor were "willful" and "malicious", since these terms are not defined by the Bankruptcy Act. This problem does not exist under Section 523(a)(9). Section (a)(9) allows the court to rely on state laws or regulations in determining whether a debtor was legally intoxicated at the time of the accident.

It seems obvious from the plain language of the statute that Section 523(a)(9) was meant to apply to situations exactly like the one that is now before this Court. Although the legislative history regarding Section 523(a)(9) is sparse, there are references to the effect that the amended paragraph was added in order to clear up the above mentioned problems relating to 523(a)(6):

Judgments against drunk drivers for personal injuries ... could be discharged in bankruptcy like any other judgment; now that is prohibited. Just a number of distinct improvements. 130 Cong.Rec.H 7492 (daily ed. June 29, 1984) (statement by Rep. Sawyer).

... this bill provides important new protections ... reforms in the law of bankruptcy as it treats claims against drunk drivers, to ensure that victims of the drunk driver do not have their judgments against the drunk driver discharged in bankruptcy... 130 Cong.Rec. § 8890 (daily ed. June 29, 1984) (statement by Sen. Dole).

In the case at bar, all the requirements to except a debt from discharge under Section 523(a)(9) are present. The Plaintiff has a valid judgment against the Debtor, the liability was incurred by the Debtor as a result of the Debtor driving his automobile while legally intoxicated under Tennessee law, as evidenced by the guilty plea entered by the Debtor in the state court. Therefore, this Court holds that the $790,000.00 debt in question is nondischargeable pursuant to 11 U.S.C. § 523(a)(9).