**In re Martin Alberto GOMEZ, Debtor.**

**Cheryl Lynn HOOVER, Plaintiff,**

v.

**Martin Alberto GOMEZ, Defendant.**

**Bankruptcy No. 86–03106–BKC–SMW.**
**Adv. No. 87–0014–BKC–SMW–A.**

United States Bankruptcy Court,
S.D. Florida.

Feb. 20, 1987.

Steven H. Friedman, Miami, Fla., for Cheryl Lynn Hoover, creditor/plaintiff.

Louis Phillips, Miami, Fla., for Martin Alberto Gomez, debtor/defendant.

Evan Gonshak, Miami, Fla., for Martin Alberto Gomez, debtor/defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come on before the Court on February 10, 1987, upon the Complaint to Determine Non-Dischargeability of Debt owed to the creditor/plaintiff, CHERYL LYNN HOOVER (the "creditor"), by the debtor/defendant, MARTIN ALBERTO GOMEZ (the "debtor"), pursuant to 28 U.S.C. §§ 157(b) and 1334 and 11 U.S.C. § 523(a)(9) and the Court having heard the testimony presented at trial, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel and being otherwise fully advised in the premises does hereby make the following Findings of Fact and Conclusions of Law.

The debtor filed a voluntary petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code on October 3, 1986. Upon the filing of his bankruptcy petition, the debtor listed a $750,000.00 U.S. District Court judgment entered in favor of the creditor, which was based upon an automobile negligence case brought by the creditor against the debtor. The Virginia District Court, in its September 30, 1986, Memorandum Opinion, determined the debtor to be liable for damages to the creditor and awarded damages in the amount of $750,-000.00.

The creditor filed her Complaint to Determine Non-Dischargeability of Debt on January 9, 1987, objecting to the debtor's discharge from the Virginia District Court judgment pursuant to 11 U.S.C. § 523(a)(9), which excepts from discharge any judgment wherein liability is "incurred by the debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws ... of any jurisdiction within the United States ... wherein such motor vehicle was operated and within which such liability was incurred...." The debtor denies all of the material allegations of the creditor's complaint, including the allegation that he was intoxicated at the time of the automobile accident.

Based upon the testimony of the debtor, and upon the deposition of Teresa Meade, the assistant manager of medical records at Virginia Beach General Hospital, and various hospital records produced by Ms. Meade at her deposition, the court finds that the following series of events occurred. On the evening of September 9, 1984, the debtor and the creditor, who then were residents of Virginia Beach, Virginia, travelled in an automobile owned by the debtor to spend an evening socializing with friends. Several hours later, the creditor and the debtor were returning to Virginia Beach when the debtor, who was operating the motor vehicle, lost control of the vehicle and ran the vehicle off of the roadway and into an embankment. Both the debtor and the creditor were severely injured. The debtor was admitted to Virginia Beach General Hospital at 2:04 a.m. on September

10, 1984. Soon after the admission of the debtor, the admitting physician ordered a battery of tests, including a laboratory analysis of the debtor's blood alcohol content. The debtor's blood was drawn at 3:27 a.m. on September 10, 1984, and was analyzed by the hospital personnel of Virginia Beach General Hospital.

The laboratory report reflects that the debtor's blood alcohol content was 0.12 percent. In the State of Virginia, if the blood alcohol content of an accused's blood exceeds 0.10 percent, it is presumed that the accused was under the influence of alcoholic intoxicants. *Code of Virginia* § 18.2–269(3) (1977). Since the debtor's blood alcohol content exceeded 0.10 percent, the debtor is presumed to have been operating his automobile while intoxicated in the State of Virginia.

By enacting 11 U.S.C. § 523(a)(9), Congress created a clearly-defined exception to dischargeability. Pursuant to this provision, a debt is nondischargeable if two factual prerequisites are established:

(1) The debt arises from a judgment entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle;

(2) The debtor operated the motor vehicle while legally intoxicated under the laws of the state in which the motor vehicle was operated.

*In re Cunningham,* 12 B.C.D. 1216, 48 B.R. 641 (Bkrtcy.W.D.Tenn.1985).

The creditor has established both of the elements necessary to establish the non-dischargeability of the indebtedness due her by the debtor. Accordingly, the court finds that the District Court judgment is not a dischargeable debt under 11 U.S.C. § 523(a)(9) because it is a judgment entered in a court of record "against the debtor wherein liability was incurred by the debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws of a jurisdiction within the United States ... wherein such motor vehicle as operated and within which such liability was incurred...."