**In re Martin B. CHRISTIANSEN, Debtor.**

**COMMERCIAL UNION INSURANCE COMPANY, et al., Plaintiffs Appellants,**

v.

**Martin B. CHRISTIANSEN, Defendant–Appellee.**

Bankruptcy No. 85–04248–1.

Adv. No. 86–0115–1.

No. 86–1149–CV–W–6.

United States District Court, W.D. Missouri, W.D.

Dec. 14, 1987.

Richard J. Koury, II, Independence, Mo., for plaintiffs-appellants.

James R. Brown, Kearney, Mo., for defendant-appellee.

**ORDER**

SACHS, District Judge.

This action began in bankruptcy court as a complaint to determine dischargeability of a debt owed by defendant Christiansen to plaintiff Commercial Union Insurance Company as subrogee of its insured Robert Belcher. Commercial Union sought to prevent discharge of its $14,970 state court judgment pursuant to 11 U.S.C. § 523(a)(9), which prevents discharge of a debt

to any entity, to the extent that such debt arises from a judgment or consent

decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred.

The bankruptcy court identified the issues before it as 1) whether defendant was intoxicated at the time of the accident which gave rise to the judgment, and 2) if so, whether intoxication was a causal factor in the accident. Having reached a negative conclusion as to the first issue, the bankruptcy court did not reach the second, and the debt was found to be dischargeable. Plaintiff Commercial Union has appealed that determination to this court.

The accident which precipitated this litigation occurred on September 13, 1980. Defendant Christiansen struck the automobile owned by Robert Belcher from the rear, causing personal injuries to the occupants and destroying Belcher's automobile. Commercial Union paid its insured $4,970 collision damages and $10,000 uninsured motorist damages and thus became subrogated to Belcher's right of recovery against Christiansen. A breathalyzer test administered approximately one hour and forty minutes after the accident revealed defendant's blood alcohol content to be .16%, and he was cited for driving under the influence of alcohol and for careless and imprudent driving. The former charge was dismissed when Christiansen entered his guilty plea to the latter.

Plaintiff brought suit against Christiansen in the Circuit Court of Clay County, Missouri, on December 27, 1983, alleging negligent operation of an automobile. The complaint made no mention of Christiansen's intoxication at the time of the accident, but evidence bearing on the question was produced at trial. Defendant's attorney attended the proceedings but characterized them as a default, producing no evidence and asking only two questions on cross examination of plaintiff's only witness, the claims adjustor who investigated the accident. Judgment was accordingly entered in favor of plaintiff and against Christiansen on September 4, 1985, the date of trial, with no mention made of the question of defendant's intoxication at the time of the accident. On November 22, 1985, defendant filed a voluntary petition in bankruptcy.

At the July 30, 1986, hearing to determine dischargeability of the judgment debt, the parties produced no testimony but stipulated to the entry of the petition and judgment from the state court and the transcript of the trial, as well as to the documentary evidence produced at that trial, consisting of the police accident report and the alcohol influence report of September 13, 1980, and the citation issued to defendant for careless and imprudent driving. Based on these documents, the bankruptcy court found that plaintiff had failed to produce evidence sufficient to carry its burden of proving defendant's intoxication at the time of the accident, and it held the debt to be dischargeable in bankruptcy.

■ The issue before this court is the correctness of the bankruptcy court's holding that insufficient evidence supported plaintiff's claim of defendant's intoxication at the time of the accident. This is a legal conclusion, freely reviewable by this court. *Clay v. Traders Bank of Kansas City*, 708 F.2d 1347 (8th Cir.1983).

The bankruptcy court based its decision as to the sufficiency of evidence of intoxication solely upon the alcohol influence report and the police accident report. Acknowledging the parties' stipulation that under RSMo § 577.037 a person is presumed intoxicated when blood alcohol content is tested at .10 percent or more, the court concluded that that presumption was rebutted by the contents of the alcohol influence report and the police accident report, both completed by the investigating officer. This decision was based upon the officer's reported observations of Christiansen's appearance and demeanor:

He noted that debtor's manner was polite; choice of words and sentence continuity were good; speech was coherent; and balance, walking and turning were fair. These observations of debtor's condition rebut any presumption of intoxication arising from the blood alcohol test result and preclude a finding of legal intoxication. In order to prevail, [plaintiff] was required to produce additional evidence.

Order of bankruptcy court dated September 15, 1986, at 4–5. The additional evidence suggested by the court was the production of live testimony of the arresting officer or of the insured, who could have testified as to their personal observations of defendant at the accident scene.

It is this court's view that additional evidence should not have been required for the satisfaction of plaintiff's burden of proof on the issue of intoxication. Considered as a whole, the reports completed immediately after the accident provide ample support for plaintiff's position.[1] The investigating officer completed a description of defendant as he observed him at the accident scene: defendant's breath emitted a "moderate" odor of alcohol, rather than "faint" or none; his eyes were bloodshot, his pupils dilated. While balance, walking and turning were "fair," they were not "sure," the more positive category available on the reporting form. His speech, while "coherent," was also "slurred," his clothing reportedly "mussed." The best reports made on the appearance of defendant Christianson were that his choice of words and sentence continuity were "good," and his attitude "polite." He reportedly told the officer that he had consumed approximately five beers between 2:00 that afternoon and some time prior to arriving at Kansas City on his drive from Harrisonville.[2] He denied having consumed alcohol after the accident or having used mouth wash. Based upon these observations, the officer concluded that defendant was "impaired" in his ability to drive and displayed "obvious" effects of alcohol.

The accident report completed by the same officer reported that the accident occurred when Christiansen's pickup truck struck the car owned by the insured from the rear. Driving conditions were described as being clear weather at dusk, open country, unobscured vision and a straight, dry, concrete roadway. The officer reported that both drivers were "obviously drunk," the highest level on the accident report form for reporting use of intoxicants. Contributing to the accident were both drivers' drinking and Christiansen's inattention, according to the accident report.

These reports when viewed as a whole do not rebut, but rather provide additional evidence supporting the breathalyzer test result of .16 percent blood alcohol content. Under Missouri law the breathalyzer test results constituted prima facie evidence of defendant's intoxication at the time of the accident. The reports of the investigating officer provided additional evidence in support of that conclusion, and the few less conclusive or arguably contrary indications he noted do not suffice to rebut his own conclusion that defendant was "obviously" intoxicated. Although defendant argues that this testing equipment is subject to error due to radio waves, he produced no evidence that the test results were in any way faulty. I am satisfied that the bankruptcy court's requirement that additional evidence was necessary for plaintiff to satisfy its burden of proof was in error, and that holding will be set aside.

■ Since it found that there was insufficient evidence of defendant's intoxication at the time of the accident, the bankruptcy court did not address the question of whether the intoxication was a causal factor in the accident. The court notes

1. It is doubtful that the officer could have added much from personal recollection to the information contained in the reports, five years after the accident.

2. The accident occurred at about 7:00 p.m. at 95th Terrace and Highway 169 in Clay County.

that some courts conclude there is a "very narrow rear-end exception" to the presumption that "an automobile collision with a drunken driver would be directly attributable to the defendant's intoxication." *Wheeler v. Evans,* 708 S.W.2d 677, 681, 680 n. 2 (Mo.App.1986). This case will therefore be remanded for such a determination.[3] Accordingly, it is

ORDERED that the decision of the bankruptcy court that plaintiff failed to carry its burden of proving defendant's intoxication at the time of the accident in question is REVERSED. This action is REMANDED to the bankruptcy court for further proceedings consistent with this opinion. SO ORDERED.

**3.** The court is aware of authority for the position that a causal connection between defendant's intoxication and the injury to plaintiff need not be shown. *General Casualty Co. v. Keating,* 80 B.R. 115 (Bankr.E.D.Wis.1987) Some courts appear to conclude that a debt is nondischargeable solely on a finding that the debtor was intoxicated at the time the liability to plaintiff was incurred, without the further finding that the intoxication, and not some other factor such as mere negligence, caused the accident. *E.g., Hoover v. Gomez,* 70 B.R. 96 (Bankr.S.D.Fla.1987) (two elements of section 523(a)(9) nondischargeability finding do not include causation); *Gray v. Lewis,* 69 B.R. 600 (Bankr.S.D.Fla.1987) (nondischargeability held on basis of finding of intoxication); *Waskiewicz v. Tuzzolino,* 70 B.R. 373 (Bankr. N.D.N.Y.1987) ("For purposes of determining the dischargeability of such a debt, the sole consideration is whether it was incurred by virtue of the Debtor's intoxicated use of a motor vehicle"); *Avitto v. Cardona,* 50 B.R. 596 (Bankr.S.D. Fla.1985) (nondischargeability held on finding that debtor was driving car, debtor caused plaintiff's injury, and debtor was legally intoxicated at the time); *Brunswick v. Cunningham,* 48 B.R. 641 (Bankr.W.D.Tenn.1985) (section 523(a)(9) nondis-

chargeability requirements met on finding that debtor was legally intoxicated when caused plaintiff's injury). Other courts appear to consider such a finding of causation necessary. *E.g., Ross v. Carney,* 68 B.R. 655 (Bankr.D.N.H. 1986) (nondischargeability holding on finding that defendant was "substantially impaired" at time of accident and that impairment caused accident); *Wilson v. Ray,* 51 B.R. 236 (Bankr. App. 9th Cir.1985) (nondischargeability proper "if it be proved that lack of reasonable care resulting from intoxication caused the accident and injury"). I doubt that Congress intended the punitive result of nondischargeability to apply without some showing of causation, particularly where, as here, both drivers involved in the accident were "obviously intoxicated." In this respect I agree with the bankruptcy judge.

The contrary argument, advanced in the *Keating* case, *supra,* is based in part on a desire to use "an objective standard" that avoids "case by case fact determination." If that objective were used here, the debtor might have prevailed in bankruptcy on the theory that there has been no state court adjudication of intoxication.