**In the Matter of Edward Joseph PAHULE, Debtor-Appellant.**

**No. 87–2747.**

United States Court of Appeals, Seventh Circuit.

Argued June 13, 1988.
Decided June 29, 1988.

---

Charles P. Reiter, Milwaukee, Wis., for debtor-appellant.

Mary K. McCann, Chernov, Croen & Stern, S.C., Milwaukee, Wis., for appellee.

Before WOOD, Jr., EASTERBROOK, and RIPPLE, Circuit Judges.

EASTERBROOK, Circuit Judge.

In 1982 Edward Pahule, driving in New Jersey while drunk, struck a car with five passengers. Two of the five died. Pahule pleaded guilty to the crime of driving while intoxicated. His insurance company tendered the policy limit in response to the suit by the victims. After a trial in April 1984 that Pahule did not trouble to attend, the Superior Court of New Jersey entered a judgment exceeding the amount of the insurance. Sixty thousand dollars was awarded to Gordon Sickel as administrator of the estate of his daughter Kristen, who died instantly at the age of 13 in the accident. The fund satisfied about $35,000 of this judgment. The excess has been accumulating interest since June 1984.

Almost immediately after suffering judgment in New Jersey, Pahule filed a bankruptcy petition in Wisconsin. The petition listed essentially no assets and, as debts, only the judgment. On April 1, 1985, the bankruptcy court discharged all of Pahule's debts. Administrator Sickel alone objected and commenced an adversary proceeding seeking a declaration that the debt to the estate of Kristen Sickel is not dischargeable under 11 U.S.C. § 523(a)(9), which denies discharge

> to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred.

The bankruptcy court held the debt to Kristen Sickel's estate not dischargeable; the district court affirmed, 78 B.R. 210; we have appellate jurisdiction under 28 U.S.C. § 158(d) because this is the only lingering matter in an otherwise-closed bankruptcy case.

Pahule has conceded that his plea of guilty arises out of the accident that took Kristen Sickel's life. So we have an au-

thoritative adjudication by a state court that liability was incurred "by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated". One would think that the end of the matter. Pahule nonetheless insists that the *administrator's* position, rather than his own, is barred by res judicata. The civil judgment in the administrator's favor does not recite any finding of drunkenness—and that, says Pahule, is fatal, for the administrator cannot relitigate the claim.

This contention has little but gall behind it. Section 523(a)(9) is designed to prevent using the bankruptcy laws to extinguish debts incurred as a result of drunken driving. Pahule has pleaded guilty to drunk driving and conceded that the plea relates to this accident. Pahule, not Kristen's administrator, loses on account of prior adjudication. The failure of the judgment to recite the basis of the monetary award is irrelevant. In federal courts, judgments are not supposed to contain reasons; they simply record the award. E.g., *Reytblatt v. Denton*, 812 F.2d 1042 (7th Cir.1987). New Jersey has not adopted the Federal Rules of Civil Procedure, but its rules about entry of judgment do not suggest that the judgment itself should reveal the basis of decision. See New Jersey Rev. Stat. §§ 2A:16–11 to 16–18. Pahule has not called to our attention any New Jersey decision requiring such a recitation; indeed, Pahule has not even cited the New Jersey rules. New Jersey does not appear to require one, see *Township of Berkeley Heights v. Division of Tax Appeals*, 68 N.J.Super. 364, 172 A.2d 453 (1961), making its absence useless to Pahule.

Neither issue preclusion (collateral estoppel) nor claim preclusion (res judicata) assists Pahule. The administrator may not relitigate an issue determined adversely to the estate in the New Jersey litigation, but the estate won; no issue was determined adversely to it. The estate's complaint alleged that Pahule was drunk at the time of the accident; the judgment necessarily finds that Pahule was negligent and so supports at least an implication that the court found that Pahule was drunk—an issue on which the criminal conviction is in any event conclusive against Pahule. Under 28 U.S.C. § 1738 the New Jersey judgment has neither more nor less preclusive effect in federal court than a New Jersey court would give it. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). Pahule does not cite any New Jersey case (or indeed any case) suggesting that an unembellished judgment is preclusive against the *victor* in the tort suit on a question relevant to civil liability. As for claim preclusion: the estate was not required to litigate in New Jersey the claim that the debt was not dischargeable, for bankruptcy is an exclusively federal subject. The omission of a claim based on § 523(a)(9) from the civil complaint therefore does not preclude the assertion of that claim in the bankruptcy court.

Although Pahule characterizes the New Jersey judgment as a "consent judgment" limiting his liability to the amount of the insurance policy, that position is unsupported. The insurer consented to pay the policy limits, but the judgment reflects no further consent. The judgment substantially exceeds the policy limits; it was rendered after a trial (and, apparently, after an opinion by the state court, to which the judgment refers but which is not in the record of this case). The judgment was signed only by the judge and not, as with consent judgments, by the parties as well. Nothing other than Pahule's imagination supports a conclusion that the proceedings in New Jersey limited his liability to the amount of his insurance.

**AFFIRMED.**