### In re Luther Calvin Busta MARTIN.

**Bankruptcy No. 90–10418B.
Civ. A. No. 93–1806.**

United States District Court,
E.D. Louisiana.

Jan. 26, 1994.

---

Steven Edward Adams, McCollister & McCleary, Baton Rouge, LA, for La. Dept. of Employment & Training.

Kathleen Mary Bilbe, New Orleans, LA, for Luther Calvin Martin.

## ORDER AND REASONS

HEEBE, District Judge.

The Louisiana Department of Labor ("LDOL")[1] appeals from a bankruptcy court ruling granting in part the debtor's objection to the priority tax claim for unemployment taxes that LDOL filed. For the reasons that follow the court reverses the bankruptcy court and remands.

## BACKGROUND

The debtor Luther Calvin Busta Martin ("Martin") filed a Chapter 7 proceeding on December 19, 1988 before he filed this Chapter 13 proceeding to address his outstanding tax obligations. In the Chapter 7 proceeding, Martin listed LDOL as a priority creditor but disputed the $39,701.37 amount and the validity of the claim. LDOL, however, did not file a proof of claim, and Martin received a discharge on March 28, 1989. LDOL did not seek a determination of the allowance or dischargeability of the taxes it assessed against the debtor. On February 9, 1990, Martin filed this Chapter 13 proceeding. On April 26, 1990, LDOL filed a proof of claim in the amount of $40,278.96 for unemployment taxes. The debtor filed an *in toto* objection to the claim. After a hearing on the objection, the bankruptcy court held that the debtor's unemployment taxes that became due after December 19, 1985, three years before he filed the Chapter 7 petition, are not discharged. However, because the exact amount due was unclear, the bankruptcy court sustained debtor's objection and gave LDOL permission to provide documentation that supports the part of its claim falling outside the three-year period.

LDOL supplemented its documentation with typed schedules identifying quarterly total wages, taxable wages, rate of tax, and the amount of tax due for the first quarter of 1984 to the first quarter of 1990. The figures were based on estimated total wages of $24,000 per quarter. The court:

---

1. LDOL's former name was the Louisiana Department of Employment and Training ("LDET"). The department was renamed by the Louisiana Legislature in 1992. For consistency, the court refers to the department as "LDOL" throughout this opinion.

(1) discharged unemployment taxes due before December 19, 1985;

(2) disallowed amounts for taxes claimed from the fourth quarter of 1985 to the fourth quarter of 1986;

(3) granted the claim for unemployment taxes, interest and penalty for the first quarter of 1987 to the fourth quarter of 1989 in the amount of $5,443.54;

(4) discharged in part and disallowed in part the surtax for 1985 and 1986. The surtax for the first, second, and third quarters of 1985 is discharged because tax for those quarters was discharged.[2] The court also disallowed the surtax for the fourth quarter of 1985 and the fourth quarter of 1986 because it found LDOL's estimation for wages unacceptable for those quarters; and

(5) disallowed the special assessment, also known as debt service charge, because (a) LDOL failed to explain why it was entitled to it; and (b) each of the six quarters in issue (for the third quarter of 1987 to the third quarter of 1988 and the fourth quarter of 1989) were calculated incorrectly.

The ruling is stayed pending appeal.[3]

### ISSUES AND ARGUMENTS

LDOL raises three issues on appeal, each of which the court separately addresses.

*(1) LDOL argues that the bankruptcy court erred in disallowing all amounts for basic unemployment taxes claimed for the fourth quarter of 1985 to the fourth quarter of 1986.*

The bankruptcy court disallowed these amounts (a) because LDOL did not provide documentation or explanation for the $24,000 figure used as estimated wages and taxable wages and (b) because the court found the estimate unreasonable.

LDOL argues, first, that this factual finding is clearly erroneous because it provided a letter from debtor's accountant acknowledging the $24,000 per quarter assessment and advising LDOL that the debtor would file returns for such quarters.[4] LDOL submits that an affidavit of Penny Green, an unemployment insurance legal specialist for the LDOL office of employment security, shows that Martin owes but has not filed tax returns for the dates and amounts at issue.[5] LDOL contends that this evidence constitutes prima facie evidence of the validity of its claim as required by Fed.R.Bankr. 3001(f). The debtor has not challenged the validity of the LDOL evidence in a manner sufficient to rebut the presumption of the validity of the claim, LDOL argues. Indeed, LDOL argues that Martin has not submitted any documentary evidence or any verified statements disputing the LDOL tax claim.

Second, LDOL argues that Martin's objection to the claim does not meet any of the eight possible bases for claim objections pursuant to 11 U.S.C. § 502(b)(1).

Third, LDOL argues that it submitted to the bankruptcy court certified copies of tax liens and tax judgments that support its claim. LDOL contends that the debtor did not challenge the tax assessments or the recorded liens and judgments. Thus, the liens and judgments should be deemed final and binding on the debtor.

The debtor argues in response that the bankruptcy court properly found LDOL's evidence insufficient and that LDOL relies on invalid tax liens and judgments to support its claim. Martin argues that LDOL has not met its burden of proof on the claim because LDOL's in-house computer printouts, upon which LDOL relies to determine amounts owed, prove nothing. The printouts say nothing about assessments or claims and do not prove that LDOL gave notice to the debtor.

Second, Martin argues that the tax liens and judgments upon which LDOL relies are invalid. The liens are, in effect, claims reduced to judgments. Even though LDOL recorded the liens against the debtor's estate, Martin contends that LDOL is secured by nothing because he has no assets. Martin further argues that all of the judgments and liens combined do not equal the amount to

---

2. Memo. Opinion, Apr. 20, 1993, at 6.

3. R. Doc. 56.

4. R. Doc. 26, Ex. M, letter of July 28, 1988, from Stephen K. Bellaire, Certified Public Accountant, to Carolyn Crochet, State of Louisiana.

5. Attachment to R. Doc. 47.

which LDOL contends it is entitled. Martin further argues that the liens that LDOL seeks to enforce were filed before or during the previous Chapter 7 proceeding and, thus, these claims are not properly allowed. Martin cites 11 U.S.C. § 524(a)(1) for the proposition that any liens or judgments acquired before the initiation of the Chapter 7 proceeding were discharged in that proceeding. Such applies to the first of the three liens and judgments cited by LDOL. Martin argues that the initial lien and judgment are stale and must be disallowed or made an unsecured general claim because LDOL failed to file a timely proof of claim. The two remaining liens were made by LDOL after the initiation of the Chapter 7 proceeding in violation of the stay order pursuant to 11 U.S.C. § 362(a)(4).[6]

*(2) LDOL argues that the trial court erred in disallowing in part the surtax for 1985 and 1986 and in ruling that such taxes were discharged in part.*

LDOL argues that it submitted calculations for the unemployment surtax, principal, interest and penalty and that the debtor failed to provide documentary evidence to rebut the calculations. LDOL argues that the court's disallowance was improper because LDOL provided calculations for unemployment surtax, principal, interest and penalty, and Martin failed to provide documentary evidence to rebut the calculations. LDOL further argues that the legal basis for the tax is set forth in La.Rev.Stat.Ann. 23:1536 of which the court should have taken judicial notice.

Martin does not address LDOL's argument that Louisiana law provides the legal basis for assessing the surtax. Instead, he relies on his argument that the liens and judgments are invalid because they are either not secured by collateral or because they were filed prior to or during the pendency of the Chapter 7 proceeding.

*(3) LDOL argues that the trial court erred in disallowing in their entirety all special assessments or debt service taxes/charges.*

LDOL argues that the bankruptcy court should have taken judicial notice of La.Rev. Stat.Ann. 23:1536 which sets forth the debt service tax statutory authority and method of calculation. LDOL further argues that the bankruptcy court's decision was clearly erroneous because the court apparently misread the computer printouts because it did not consider payments from the Chapter 13 trustee that were applied to the tax periods in question. The correct amounts are set forth in the work sheet and affidavit executed by Ms. Green, totaling $19,660.90.[7] LDOL argues that Martin has not provided any evidence to dispute its calculations.

## LAW AND DECISION

### a. Standard of Review

■ Fed.R.Bankr. 8013 provides that findings of fact from a bankruptcy court shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses. A finding of fact is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been committed although evidence exists to support the trial court's finding. *United States v. United States Gypsum Co.,* 333 U.S. 364, 394, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948).

■ Conclusions of law are subject to *de novo* review on bankruptcy appeal. *In re Kolstad,* 928 F.2d 171, 173 (5th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 419, 116 L.Ed.2d 439 (1991); *In re Consolidated Bancshares, Inc.,* 785 F.2d 1249, 1252 (5th Cir.1986).

### b. Proof of Claim

■ A proof of claim is considered prima facie evidence of its validity,[8] and the

6. 11 U.S.C. § 362(a)(4) mandates that the filing of a bankruptcy petition serves to stay all acts done to create, perfect, or enforce any lien against property of the estate.

7. This amount is lower than the amount previously requested because LDOL concedes that taxes due for the period prior to three years before the date of filing of debtor's Chapter 7 proceedings are discharged.

8. *Whitney v. Dresser,* 200 U.S. 532, 535, 26 S.Ct. 316, 317, 50 L.Ed. 584 (1906).

burden of proof is borne by the party seeking to establish an exception to the discharge of a debt. *In re Kupinsky,* 133 B.R. 993, 995 (Bankr.S.D.Ill.1991) (citing *In re Martin,* 698 F.2d 883, 887 (7th Cir.1983)). The court turns to each of LDOL's three issues with these standards in mind.

*(1) Did the bankruptcy court err in disallowing all amounts for basic unemployment taxes claimed for the fourth quarter of 1985 to the fourth quarter of 1986?*

■ LDOL properly argues the bankruptcy court erred by denying its claim for unemployment taxes on grounds that LDOL provided no documentation or explanation for using $24,000 as estimated total wages and taxable wages. The bankruptcy court made no mention of and apparently did not consider the Louisiana statutes relating to alternative collection procedure and assessments for unemployment compensation, La.Rev.Stat. Ann. 23:1721 *et seq.* LDOL correctly argues that assessed amounts owed are tantamount to and equivalent of court judgments and that such assessments may be recorded to operate as a first lien, privilege and mortgage. La.Rev.Stat.Ann. 23:1726, 23:1727. The bankruptcy court erred by failing to consider these statutes and should do so on remand to determine how they affect LDOL's claim.

*(2) Did the trial court err in disallowing in part the surtax for 1985 and 1986 and in ruling that such taxes were discharged in part?*

■ LDOL properly argues that Louisiana law provides the legal basis for assessing the surtax although its reliance on La.Rev. Stat.Ann. 23:1536 alone is incomplete. La. Rev.Stat.Ann. 23:1536 provides merely rate determination and ratio calculation tables. It does not explain the legal basis for imposing the surtax. The statutes upon which LDOL should rely are La.Rev.Stat.Ann. 23:1491 *et seq.* that provide for the state's unemployment compensation fund and its operation. Specifically, La.Rev.Stat.Ann. 23:1491 establishes an unemployment compensation fund for all contributions collected pursuant to the unemployment compensation chapter of the Louisiana Revised Statutes, and La.Rev.Stat.Ann. 23:1531 provides the basis of employer contribution, time for payment, and computation of amounts. The bankruptcy court was clearly erroneous in failing to apply these statutes to determine Martin's tax liability. The court, instead, found that LDOL did not support its nondischargeable claims with any legal basis or appropriate documentation.[9] On remand, the bankruptcy court should apply these statutes as well as any other applicable La.Rev. Stat.Ann. Chapter 11 statutes to the documentation provided by LDOL in conjunction with any supplemental documentation the bankruptcy court deems necessary. The court does not disturb the bankruptcy court's finding that the surtax assessed for the first, second, and third quarters of 1985 is discharged because the taxes for those period were discharged.[10]

*(3) Did the trial court erred in disallowing all special assessments or debt service taxes/charges in their entirety?*

■ LDOL correctly argues that the bankruptcy court erroneously disallowed all special assessments, also known as debt service taxes or charges, on grounds that LDOL provided insufficient evidence to sustain the amounts it requested. The bankruptcy court did not cite and apparently did not consider La.Rev.Stat.Ann. 23:1532.1 *et seq.* in ruling on LDOL's claim that provides the rate for imposing such special assessments. Thus, the bankruptcy court on remand should apply this statute as well any other appropriate statutes in deciding what amount, if any, LDOL is entitled to receive. The court may in its discretion require LDOL to provide correct documentation. However, this court finds that the bankruptcy court clearly erred in denying LDOL's claim on grounds that LDOL erred in documenting its claim. Accordingly,

**IT IS ORDERED that:**

9. Memo. Opinion, Apr. 20, 1993, at 6.

10. Memo. Opinion of Apr. 20, 1993, at 6.

(1). The bankruptcy court's decision to disallow basic unemployment taxes claimed for the fourth quarter of 1985 to the fourth quarter of 1986 is **REVERSED** and **REMANDED** for action consistent with the appropriate Louisiana Revised Statutes.

(2) The bankruptcy court's decision to disallow the nondischarged surtax for 1985 and 1986 is **REVERSED** and **REMANDED** for action consistent with the appropriate Louisiana Revised Statutes.

(3) The bankruptcy court's decision to disallow all special assessments, also known as debt service taxes or charges, is **REVERSED** and **REMANDED** for action consistent with the appropriate Louisiana Revised Statutes.